| Attorney or Party Name, Address, Telephone & FAX Numbers, and California State Bar Number | FOR COURT USE ONLY |
|---|---|
| Jayne T. Kaplan  SBN #71415<br>1112 Fair Oaks Avenue<br>South Pasadena, CA  91030<br><br>Tel.  (626) 799-1122<br>Fax  (626) 799-1123<br><br>☐ *Individual appearing without counsel*<br>☒ *Attorney for:* Bing Lum | |

### UNITED STATES BANKRUPTCY COURT
### CENTRAL DISTRICT OF CALIFORNIA

| In re:<br><br>TOWER PARK PROPERTIES, LLC<br><br><div align="right">Debtor(s).</div> | CHAPTER: 11<br><br>CASE NO.: 08-20298-BR<br><br>DATE: 10/7/08<br>TIME:  10:00 am<br>CTRM: 1660<br>FLOOR: 16th |
|---|---|

## NOTICE OF MOTION AND MOTION FOR RELIEF FROM THE AUTOMATIC STAY
## UNDER 11 U.S.C. § 362 (with supporting declarations)
### (MOVANT: BING LUM_____)
### (Action in Non-bankruptcy Forum)

1.  NOTICE IS HEREBY GIVEN to the Debtor(s) and Trustee (if any)("Responding parties"), their attorneys (if any), and other interested parties that on the above date and time and in the indicated courtroom, Movant in the above-captioned matter will move this Court for an Order granting relief from the automatic stay as to Debtor(s) and Debtor's(s') bankruptcy estate on the grounds set forth in the attached Motion.

2.  **Hearing Location:** ☒ **255 East Temple Street, Los Angeles**    ☐ **411 West Fourth Street, Santa Ana**
    ☐ **21041 Burbank Boulevard, Woodland Hills**    ☐ **1415 State Street, Santa Barbara**
    ☐ **3420 Twelfth Street, Riverside**

3.  a.  ☒  This Motion is being heard on REGULAR NOTICE pursuant to Local Bankruptcy Rule 9013-1. If you wish to oppose this Motion, you must file a written response to this Motion with the Bankruptcy Court and serve a copy of it upon the Movant's attorney (or upon Movant, if the Motion was filed by an unrepresented individual) at the address set forth above no less than 14 days before the above hearing and must appear at the hearing of this Motion.

    b.  ☐  This Motion is being heard on SHORTENED TIME. If you wish to oppose this Motion, you must appear at the hearing. Any written response or evidence must be filed and served:

    ☐ at the hearing    ☐ at least _____ court days before the hearing.

    (1)  ☐  A Motion for Order Shortening Time was not required (according to the calendaring procedures of the assigned judge).

    (2)  ☐  A Motion for Order Shortening Time was filed per Local Bankruptcy Rule 9075-1(b) and was granted by the Court.

    (3)  ☐  A Motion for Order Shortening Time has been filed and remains pending. Once the Court has ruled on that Motion, you will be served with another notice or an order that will specify the date, time, and place of the hearing on the attached Motion and the deadline for filing and serving a written opposition to the Motion.

4.  You may contact the Bankruptcy Clerk's Office to obtain a copy of an approved court form for use in preparing your response *(Optional Court Form F 4001-1.RES)*, or you may prepare your response using the format required by Local Bankruptcy Rule 1002-1.

<div align="center">(Continued on next page)</div>

This form is mandatory by Order of the United States Bankruptcy Court for the Central District of California.

*Revised May 2004*

**F 4001-1M.NA**

Motion for Relief from Stay (Non-bankruptcy Action) - *Page 2 of* ____     **F 4001-1M.NA**

| In re<br>TOWER PARK PROPERTIES, LLC | (SHORT TITLE) | | CHAPTER:  11 |
| | | Debtor(s). | CASE NO.:  08-20298-BR |

5.   If you fail to file a written response to the Motion or fail to appear at the hearing, the Court may treat such failure as a waiver of your right to oppose the Motion and may grant the requested relief.

Dated: 9/3/08

LAW OFFICES OF JAYNE T. KAPLAN
_____
*Print Law Firm Name (if applicable)*

JAYNE T. KAPLAN
_____
*Print Name of Individual Movant or Attorney for Movant*

/s/ Jayne T. Kaplan
_____
*Signature of Individual Movant or Attorney for Movant*

This form is mandatory by Order of the United States Bankruptcy Court for the Central District of California.

*Revised May 2004*                                                    **F 4001-1M.NA**

Motion for Relief from Stay (Non-bankruptcy Action) - *Page 3 of* ____     **F 4001-1M.NA**

| | |
|---|---|
| In re (SHORT TITLE)<br>TOWER PARK PROPERTIES, LLC<br><br>Debtor(s). | CHAPTER: 11<br><br>CASE NO.: 08-20298-BR |

## MOTION FOR RELIEF FROM THE AUTOMATIC STAY
### (MOVANT: BING LUM )

1. **The Non-bankruptcy Action:** Movant moves for relief from the automatic stay as to Debtor(s) and Debtor's(s') bankruptcy estate with respect to the following pending lawsuit or administrative proceeding (the "Non-bankruptcy Action") in a non-bankruptcy forum:

   Case name: LUM V. BECK ET.AL
   Docket number: BC 370177
   Court or agency where pending: LOS ANGELES SUPERIOR COURT

2. **Case History:**
   a. ☒ A voluntary ☐ An involuntary   petition under Chapter   ☐ 7   ☒ 11   ☐ 12   ☐ 13
      was filed on *(specify date)*:
   b. ☐ An Order of Conversion to Chapter   ☐ 7   ☐ 11   ☐ 12   ☐ 13
      was entered on *(specify date)*:
   c. ☐ Plan was confirmed on *(specify date)*:
   d. ☐ Other bankruptcy cases affecting this action have been pending within the past two years. See attached Declarations.
   e. For additional case history, see attached continuation page.

3. **Grounds for Relief from Stay:** Pursuant to 11 U.S.C. § 362(d)(1), cause exists to grant Movant relief from stay to proceed with the Non-bankruptcy Action to final judgment in the non-bankruptcy forum for the following reasons:
   a. ☐ The bankruptcy case was filed in bad faith specifically to delay, hinder or interfere with prosecution of the Non-bankruptcy Action.
   b. ☐ The claim is insured. Movant seeks recovery only from applicable insurance, if any, and waives any deficiency or other claim against the Debtor(s) or estate property.
   c. ☐ Movant seeks recovery primarily from third parties and agrees that the stay will remain in effect as to enforcement of any resulting judgment against the Debtor(s) or estate, except that Movant will retain the right to file a proof of claim under 11 U.S.C. § 501 and/or an adversary complaint under 11 U.S.C. § 523 or § 727 in this bankruptcy case.
   d. ☐ Mandatory abstention applies under 28 U.S.C. § 1334(c)(2), and Movant agrees that the stay will remain in effect as to enforcement of any resulting judgment against the Debtor(s) or estate, except that Movant will retain the right to file a proof of claim under 11 U.S.C. § 501 and/or an adversary complaint under 11 U.S.C. § 523 or § 727 in this bankruptcy case.
   e. ☐ The claims are non-dischargeable in nature and can be most expeditiously resolved in the non-bankruptcy forum.
   f. ☐ The claims at issue arise under non-bankruptcy law and can be most expeditiously resolved in the non-bankruptcy forum.
   g. ☒ Other reasons to allow the Non-bankruptcy Action to proceed are set forth in an attached Declaration.

4. ☐ Movant also seeks annulment of the stay so that filing of the bankruptcy petition does not affect any and all of the enforcement actions taken after the filing of the bankruptcy petition in this case, as specified in the attached Declaration(s).

5. **Evidence in Support of Motion:** *(Important Note: Declaration(s) in support of the Motion MUST be attached hereto.)*
   a. ☒ Movant submits the attached Declaration(s) to provide evidence in support of this Motion pursuant to Local Bankruptcy Rules.
   b. ☐ Movant requests that the Court consider as admissions the statements made by Debtor(s) under penalty of perjury concerning Movant's claims set forth in Debtor's(s') Schedules. Authenticated copies of the relevant portions of the Schedules are attached as Exhibit _____.

*(Continued on next page)*

Motion for Relief from Stay (Non-bankruptcy Action) - *Page 4 of* ___ **F 4001-1M.NA**

| In re (SHORT TITLE)<br>TOWER PARK PROPERTIES, LLC<br><br>Debtor(s). | CHAPTER: 11<br><br>CASE NO.:  08-20298-BR |
|---|---|

c.   ☐   Other evidence *(specify)*:


6.   ☐   **An optional Memorandum of Points and Authorities is attached to this Motion.**

**WHEREFORE, Movant prays that this Court issue an Order granting the following:**

1.   Relief from the stay to Movant (and its successors and assigns, if any) *(check boxes re all applicable relief requested)*:

    a.   ☒   Terminating the stay as to Debtor(s) and Debtor's(s') bankruptcy estate.

    b.   ☐   Annulling the stay so that the filing of the bankruptcy petition does not affect postpetition acts, as specified in the attached Declaration(s).

    c.   ☐   Modifying or conditioning the stay as set forth in the attached continuation page:

2.   Allowing Movant to proceed under applicable non-bankruptcy law to enforce its remedies to proceed to final judgment in the non-bankruptcy forum, provided that the stay remains in effect with respect to enforcement of any judgment against Debtor(s) or estate property.

3.   ☒   Additional provisions requested:

    a.   ☒   That the Order be binding and effective despite any conversion of this bankruptcy case to a case under any other chapter of Title 11 of the United States Code.

    b.   ☒   That the 10-day stay prescribed by Bankruptcy Rule 4001(a)(3) be waived.

    c.   ☐   That the Extraordinary Relief be granted as set forth in the Attachment *(attach Optional Court Form F 4001-1M.ER)*.

    d.   ☐   For other relief requested, see attached continuation page.

4.   If relief from stay is not granted, Movant respectfully requests the Court to order adequate protection.


Dated: 9/3/08

Respectfully submitted,

BING LUM
*Movant Name*

LAW OFFICES OF JAYNE T. KAPLAN
*Firm Name of Attorney for Movant (if applicable)*

By: _____ /S/ JAYNE T. KAPLAN _____
    *Signature*

Name:   JAYNE T. KAPLAN
    *Typed Name of Individual Movant or Attorney for Movant*

This form is mandatory by Order of the United States Bankruptcy Court for the Central District of California.

Background of Case


Plaintiff Bing Lum provided funds to Defendant Mark S. Beck to make loans to various parties as set forth in the Complaint.  It has been learned in the Deposition of Beck that certain of the funds had been lent to the Debtor without the knowledge of Plaintiff. A single trial of the issues with all Defendant's promotes judicial economy.

## ATTACHMENT TO MOTION FOR RELIEF FROM STAY

4.A Accounting, Constructive Trust, Declaratory Relief

4. E. The Interbanc Group, LLC, Ryan Connelly; Charles Dickens; Tower Park Properties, LLC

Motion for Relief from Stay (Non-bankruptcy Action) - *Page 5 of* ____    **F 4001-1M.NA**

| In re (SHORT TITLE) TOWER PARK PROPERTIES, LLC | CHAPTER: 11 |
|---|---|
| Debtor(s). | CASE NO.: 08-20298-BR |

## DECLARATION RE ACTION IN NON-BANKRUPTCY FORUM
### (MOVANT: BING LUM                    )

I, EDWIN HAUSMANN                                                    , declare as follows:
*(Print Name of Declarant)*

1.  I have personal knowledge of the matters set forth in this declaration and, if called upon to testify, I could and would competently testify thereto. I am over 18 years of age. I have knowledge regarding the state court lawsuit, administrative proceeding, or other action in a non-bankruptcy forum ("Non-bankruptcy Action") that is the subject of this Motion because:

    a.  ☐  I am the Movant.

    b.  ☒  I am the Movant's attorney of record in the Non-bankruptcy Action.

    c.  ☐  I am employed by the Movant as *(state title and capacity)*:

    d.  ☐  Other *(specify)*:

2.  I am one of the custodians of the books, records and files of Movant as to those books, records and files that pertain to the Non-bankruptcy Action. I have personally worked on books, records and files, and as to the following facts, I know them to be true of my own knowledge or I have gained knowledge of them from the business records of Movant on behalf of Movant, which were made at or about the time of the events recorded, and which are maintained in the ordinary course of Movant's business at or near the time of the acts, conditions or events to which they relate. Any such document was prepared in the ordinary course of business of Movant by a person who had personal knowledge of the event being recorded and had or has a business duty to record accurately such event. The business records are available for inspection and copies can be submitted to the Court if required.

3.  The Non-bankruptcy Action at issue is currently pending as:

    Case name:  LUM V. BECK ET.AL
    Docket number:  BC 370177
    Court or agency where pending: LOS ANGELES SUPERIOR COURT

4.  **Procedural Status:**

    a.  The causes of action pleaded in the non-bankruptcy forum are *(list)*:
        FRAUD, BREACH OF CONTRACT, BREACH OF FIDUCIARY DUTY, BREACH OF THE IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING, CONVERSION, CIVIL CONSPIRACY, INJUNCTIVE RELIEF, (SEE ATTACHMENT)

        True and correct copies of the pleadings filed before the non-bankruptcy forum are attached hereto as Exhibit A      .

    b.  The Non-bankruptcy Action was filed on *(specify date)*: 4/27/07

    c.  Trial or hearing began/is scheduled to begin on *(specify date)*: 10/14/08

    d.  The trial or hearing is estimated to require the following number of court days *(specify)*: 7

    e.  Other defendants to the Non-bankruptcy Action are *(specify)*: MARK S.BECK, (SEE ATTACHMENT)

5.  **Grounds for relief from stay:**

    a.  ☐  The claim is insured. The insurance carrier and policy number are *(specify)*:

*(Continued on next page)*

This form is mandatory by Order of the United States Bankruptcy Court for the Central District of California.

Revised May 2004

**F 4001-1M.NA**

Motion for Relief from Stay (Non-bankruptcy Action) - *Page 6 of* ____    **F 4001-1M.NA**

| In re<br>TOWER PARK PROPERTIES, LLC | (SHORT TITLE) | CHAPTER:  11 |
|---|---|---|
| | Debtor(s). | CASE NO.:  08-20298-BR |

b. ☐  The matter can be tried more expeditiously in the non-bankruptcy forum.

    (1) ☒  It is currently set for trial on: 10/14/08

    (2) ☐  It is in advanced stages of discovery and Movant believes that it will be set for trial by *(specify date)*:
    The basis for this belief is *(specify)*:

    (3) ☐  The matter involves non-debtor parties who are not subject to suit in the bankruptcy court.  A single trial in the non-bankruptcy forum is the most efficient use of judicial resources.

c. ☐  The bankruptcy case was filed in bad faith specifically to delay or interfere with the prosecution of the Non-bankruptcy Action.

    (1) ☐  Movant is the only creditor (or the only substantial creditor) scheduled by the Debtor(s).

    (2) ☐  The timing of the petition filing shows that it was intended to delay or interfere with the Non-bankruptcy Action based upon the following facts *(specify)*:

    (3) ☐  Debtor(s) does(do) not have a reasonable likelihood of reorganizing in this Chapter ☐ 11 ☐ 13   bankruptcy case based upon the following facts *(specify)*:

d. ☒  For other facts justifying relief from stay, see attached continuation page.

**I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that this Declaration was executed on** 9/8/08 _____, _____, **at** Los Angeles California _____ *(city, state).*

EDWIN HAUSMANN _____
*Print Declarant's Name*

      /s/ Edwin Hausmann _____
*Signature of Declarant*

This form is mandatory by Order of the United States Bankruptcy Court for the Central District of California.

*Revised May 2004*    **F 4001-1M.NA**

## Supplement to Declaration of Edwin Hausemann

Paragraph 3(g): This case while involving a claim in bankruptcy against the Debtor and a necessity to review the Debtor's book and records, also involves litigation against three other defendants.  Litigation and discovery has been conducted against these defendants since 2007.  Both litigation of the claim and discovery involving both the claim and the liability of the other Defendants has not been able to proceed due to the automatic stay.

Motion for Relief from Stay (Non-bankruptcy Action) - *Page 7 of* ____    **F 4001-1M.NA**

| In re<br>TOWER PARK PROPERTIES, LLC | (SHORT TITLE) | CHAPTER:  11 |
| | Debtor(s). | CASE NO.:  08-20298-BR |

# PROOF OF SERVICE

STATE OF CALIFORNIA
COUNTY OF <u>LOS ANGELES</u>

1.   I am over the age of 18 and not a party to the within action.  My business address is as follows:


2.   **Regular Mail Service:**  On <u>9/8/08</u> _____, pursuant to Local Bankruptcy Rule 9013-1, I served the documents described as: NOTICE OF MOTION and MOTION FOR RELIEF FROM THE AUTOMATIC STAY UNDER 11 U.S.C. § 362 (with supporting declarations) on the interested parties at their last known address in this action by placing a true and correct copy thereof in a sealed envelope with postage thereon fully prepaid in the United States Mail at <u>SOUTH PASADENA</u>, California, addressed as set forth on the attached list.

> ***NOTE:*** *If the Notice and Motion have been served pursuant to an Order Shortening Time ("Order"), you must file a Proof of Service that indicates that the notice and service requirements contained in the Order have been met.*

3.   **See attached list for names and addresses of all parties and counsel that have been served.**  *(In the manner set forth in Local Bankruptcy Rule 7004-1(b), specify capacity in which service is made; e.g., Debtor(s), Debtor's(s') Attorney, Trustee, Trustee's Attorney, Creditors Committee or 20 largest unsecured creditors, etc.)*

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Dated: 9/8/08


JAYNE KAPLAN                                               /s/ Jayne T. Kaplan
*Typed Name*                          *Signature*

ATTACHMENT TO PROOF OF SERVICE

Cathcart, Collins & Kneafsey LLP
444 S Flower St., 42nd Fl
Los Angeles, CA 90071-2901

Silver & Freedman, APLC
2029 Century Park East, 19th Floor
Los Angeles, CA 90067-2901

Camarillo Engineering Inc.
PO Box 758
Somis, CA 93066-0758

Pacific Crest Consultants
Suite 100
Calabasas, CA 91302-1584

Oakridge Landscape Inc.
8618 Haskell Ave 23622
North Hills, CA 91343-5811

WILLIAMS SCOTSMAN INC
24933 Avenue Stanford
Valencia, CA 91355-1278

Athans Enterprises Inc.
19311 Vanowen Street
Reseda, CA 91335-5098

GeoSoils Consultants Inc.
6634 Valjean Avenue
Van Nuys, CA 91406-5816

The Sullivan Partnership
529 Hahn Ave.,
Suite 201
Glendale, CA 91203-3649

Levy and Rowe,
Joel D. Levy
10350 Santa Monica Blvd.,

Suite 130
Los Angeles, CA 90025-5073


Mark Hughes Family Trust
10100 Santa Monica Bl,
Suite 300
Los Angeles, CA 90067-4107


KNA Engineering Inc.
30101 Agoura Court, Suite 120
Agoura Hills, CA 91301-4311


Major Appraisals
6033 W. Century Blvd.,
Suite 340
Los Angeles, CA 90045-6422


ACS Security Industries, Inc.
100 Bel Air Road
Los Angeles, CA 90077-3809


Sierra Land Technologies
7225 Alabama Ave
Canoga Park, CA 91303-1519

LA DWP
P.O. Box. 3080
Los Angeles CA 90051-1080

BJ Palmer & Associates Inc.
27122A Paseo Espada,
Suite 921 c/o Jon H Freis Esq
San Juan Capistrano, CA 92675-6713

William Scotsman
11811 Greenstone Avenue

**Santa Fe Springs, CA 90670**
David B Golubchik
Levene Neale Bender Rankin & Brill LLP
10250 Constellation Blvd Ste 1700
Los Angeles, CA 90067


Lee & Tran
1055 W. Seventh Street
Suite 2820
Los Angeles, CA 90071

**Tower Park Properties, LLC**
c/o Robert S Mann
2029 Century Park East 19th Fl
Los Angeles, CA 90067


Stutman, Treister, Glatt

1901 Avenue of the Stars

125h Floor

Los Angeles, CA   90067

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28    Exhibit "A"

**SUM-100**

# SUMMONS
## *(CITACION JUDICIAL)*

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
Mark S. Beck, an individual, The Interbanc Group, LLC, Ryan Connelly, an individual, and DOES 1 through 20, inclusive

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
Bing Lum, an individual

FOR COURT USE ONLY
*(SOLO PARA USO DE LA CORTE)*
CONFORMED COPY
OF ORIGINAL FILED
Los Angeles Superior Court

APR 2 7 2007

John A. Clarke, Executive Officer/Clerk

By_____, Deputy

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.
There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association.

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.courtinfo.ca.gov/selfhelp/espanol), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.
Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.courtinfo.ca.gov/selfhelp/espanol) o poniéndose en contacto con la corte o el colegio de abogados locales.*

The name and address of the court is:
*(El nombre y dirección de la corte es):*
Superior Court of California, County of Los Angeles
111 North Hill Street
Los Angeles, CA 90012

CASE NUMBER: *(Número del Caso):* BC370177

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Law Offices of Edwin Chau
Edwin Chau, Esq. (626-300-3801)
506 N. Garfield Ave., #260, Alhambra, CA 91801
Hausmann & Goldstone
Edwin Hausmann, Esq. (213-627-8866)
626 Wilshire Blvd., #900, Los Angeles, CA 90017

DATE: APR 2 7 2007
*(Fecha)*
Clerk, by JOHN A. CLARK (Secretario) RUGENA LOPEZ, Deputy *(Adjunto)*

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED: You are served**
1. [ ] as an individual defendant.
2. [ ] as the person sued under the fictitious name of *(specify):*
3. [ ] on behalf of *(specify):*
   under: [ ] CCP 416.10 (corporation)      [ ] CCP 416.60 (minor)
          [ ] CCP 416.20 (defunct corporation)   [ ] CCP 416.70 (conservatee)
          [ ] CCP 416.40 (association or partnership) [ ] CCP 416.90 (authorized person)
          [ ] other *(specify):*
4. [ ] by personal delivery on *(date):*

[SEAL]

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. January 1, 2004]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
American LegalNet, Inc. | www.USCourtForms.com

CONFORMED COPY
OF ORIGINAL FILED
Los Angeles Superior Court

APR 2 7 2007

John A. Clarke, Executive Officer/Clerk

By_____, Deput

1   **LAW OFFICES OF EDWIN CHAU**
    Edwin P. Chau (SBN 164900)
2   506 N. Garfield Avenue, Suite 260
    Alhambra, CA 91801
3   Tel: (626) 300-3801; Fax: (626) 300-3810

4   **HAUSMANN & GOLDSTONE**
    Edwin Hausmann (SBN 53720)
5   626 Wilshire Blvd., Suite 900
    Los Angeles, CA 90017-3209
6   Tel: (213) 627-8866; Fax: (213) 627-2922

7   Attorneys for Plaintiff Bing Lum

8

9

10

11                  **SUPERIOR COURT OF CALIFORNIA**

12          **COUNTY OF LOS ANGELES, CENTRAL DISTRICT**

13                                              BC 370177

14  Bing Lum, an individual,              )   **Case No.**
                                          )
15                                        )   **COMPLAINT FOR:**
                                          )
16                    Plaintiff,          )   1   FRAUD
                                          )   2   BREACH OF CONTRACT
17                                        )   3   BREACH OF FIDICIARY
                                          )       DUTY
18  Mark S. Beck, an individual,          )   4   BREACH OF IMPLIED
    The Interbanc Group, LLC,             )       COVENANT OF GOOD
19  Ryan Connelly, an individual,         )       FAITH AND FAIR DEALING
    and DOES 1 through 20, inclusive,     )   5   CONVERSION
20                                        )   6   CIVIL CONSPIRACY
                                          )   7   INJUNCTIVE RELIEF
21                    Defendants.         )   8   ACCOUNTING
                                          )   9   CONSTRUCTIVE TRUST
22                                        )   10  DECLARATORY RELIEF

23

24  **PLAINTIFF BING LUM ("LUM"), AN INDIVIDUAL, ALLEGES AS FOLLOWS:**

25                           **THE PARTIES**

26      1.    Plaintiff LUM ("LUM") is and was, at all times mentioned in this Complaint, an

27

28                                    1

1    individual residing in the County of Los Angeles, California.

2         2.       Defendant Mark S. Beck ("BECK") is and was, at all times mentioned in this

3    Complaint, an individual residing in the County of Los Angeles, California.

4         3.       Defendant Interbanc Group, LLC ("INTERBANC") is and was, at all times mentioned

5    in this Complaint, a Limited Liability Company conducting business in the County of Los Angeles,

6    California.

7         4.       Defendant Ryan Connelly ("CONNELLY"), is and was, at all times mentioned in this

8    Complaint, a resident of the State of Nevada who entered into an agreement in Los Angeles County

9    and did conduct business in Los Angeles County, California.

10

11                     GENERAL BACKGROUND AND ALLEGATIONS

12

13        5.       In or about 2006, Defendant Beck represented to Lum that Beck and his Company,

14   Interbanc, were Finance Loan Brokers engaged in the private equity business. Beck further orally

15   represented to Lum that he could acquire funds and loans to purchase hospital businesses and hospital

16   related real property to further enhance Lum's healthcare business.  Beck induced Lum to obtain a

17   line of credit from a lending institution fully brokered by Beck and Interbanc to purchase hospital

18   businesses and related real estate.  As a result of Beck's misrepresentation, Lum proceeded to ask to

19   use his parents' apartment complexes as security for a line of credit from United Pacific Bank

20   ("Bank").  Beck urged Lum to make a series of bridge loans to individuals to develop relationships

21

22   within the health industry and private equity community.  Further, Beck represented to Lum that such

23   loans were to be securitized by real property.

24

25        6.       Shortly thereafter, Beck represented to Lum that the first of such loans was to be made

26   to an individual,  Ryan Connolly, to purchase real estate in Nevada.  The loan amount was to be

27

28                                              2

                                        **COMPLAINT**

$650,000, and Beck represented that the loan would be repaid in two weeks.

7.     On or about August 11, 2006, upon approval of the line of credit, Lum requested the Bank to issue a Cashier's Check, in the amount of $650,000, to First American Title company, pursuant to Beck's instructions.  A copy of the Cashier's Check is attached hereto as Exhibit A.

8.     Plaintiff is informed and believes and based thereupon alleges that the $650,000 loan was used to purchase real property under the name of Ryan Connelly in the Lake Tahoe area in Nevada. Beck failed to provide any documentation to Lum, and Beck failed to secure the loan with a Deed of Trust on the purchased property in favor of Lum as represented by Beck.

9.     In or about late August, 2006, Beck induced Lum to make a second "bridge loan" to Roy Rodriguez in the amount of $350,000, which Beck represented orally will give Lum a return of $35,000.  Similar to the Ryan Connelly transaction, Beck represented to Lum that the loan to Rodriguez was for a one month period, and the funds would be used to purchase real property for Rodriguez in the San Diego area.

10.     After one month, Lum received no return of the principal or the $35,000, Lum contacted Beck regarding the repayment of both loans. The demands were ignored.

11.     Subsequently, Lum contacted Roy Rodriguez who informed him that he, Rodriguez, had wire-transferred the $385,000 to Beck.  Rodriguez provided Lum with a document issued by Washington Mutual indicating that $385,000 were wire-transferred to Beck's bank account at Wells Fargo Bank on November 3, 2006.  Plaintiff is informed and believes and based thereon alleges that Beck allegedly has converted the funds paid by Rodriguez to himself and Interbanc.

12.     Beck failed to provide any documentation to Lum on the Rodriguez loan, and Beck failed to securitize the loan with the purchased property or with a Deed of trust in favor of Lum.  In

3

**COMPLAINT**

or about August, 2006, Beck represented that he needed another $4,000 from Lum to start a partnership in Santa Fe, New Mexico, which Lum promptly tendered to Beck.

13.   Lum made numerous demands on Beck to repay the funds, its profits and/or interests, both verbally and via e-mail messages. However, Beck failed to and continues to fail to repay the loans. To this date, Lum has been forced to make monthly payments to the bank on the borrowed monies, not to mention that he has lost the use of the funds, which exceeds $1,100,000.

## FIRST CAUSE OF ACTION

### ( Fraud )

**( Against Defendants Beck, the Interbanc Group, Ryan Connelly, and Does 1 to 20 )**

14.   Plaintiff hereby incorporates paragraphs 1 through 14, inclusive, as though set forth herein.

15.   At the time when Beck induced Lum to make the loans, he promised and represented to Lum:

( a )   That the loans to both Connelly and Rodriguez would be for two weeks, and one month, respectively.

( b )   That the loans to both Connelly and Rodriguez would be securitized with the respective purchased real properties in favor of Lum.

( c )   That the loans would bear high return; in the case of the Rodriguez loan, the return was to be $35,000 after one month.

( d )   That Beck would provide documentation to Lum with respect to the loans.

( e )   That Beck was a licensed loan broker.

( f )   That Beck would return the $4,000 within one two months.

16.   The above representations were false. The loans have been made more than nine months ago, and Beck has failed to repay them. Beck never securitized the two loans to benefit Lum, and has to date failed to provide any documentation to Lum regarding the loans. Lum also attempted

4

1   to investigate whether Beck is indeed a license broker with the Department of Real Estate, but was

2   unable to find such records.

3       17.    Beck knew that the above representations set forth herein were false and made to

4   defraud Plaintiff. When these representations were made, they were done with the intent to defraud

5   Lum and induce him to obtain the Line of Credit and borrow the funds to make the loans. Plaintiff was

6   unaware of the fraudulent misrepresentations at the time and detrimentally and reasonably relied upon

7   these representations.

8       18.    As a sole, direct, proximate and foreseeable result of the fraudulent mis-

9   representations by the Defendants, and other fraudulent acts not presently known, Plaintiff has been

10  damaged in any amount not yet ascertained, but in excess of $1,100,000. In addition, Defendants have

11  been unjustly enriched. Plaintiff will seek at trial to obtain recovery of all unjust enrichments and for

12  full amounts of damages, when ascertained.

13      19.    Defendants and Does 1 to 20, inclusive, and each of them, performed and conducted

14  the acts herein maliciously, despicably, and oppressively, with the intent to defraud and induce

15  Cross-Complainants into the Merger. Therefore, Plaintiff is entitled to exemplary or punitive damages,

16  the exact sum to be proven at the time of trial.

17              **SECOND CAUSE OF ACTION**

18                  **( Breach of Contract )**

19      **( Against Defendants Beck, the Interbanc Group, and Does 1 to 20 )**

20      20.    Plaintiff hereby incorporates paragraphs 1 through 14, inclusive, as though set forth

21  herein.

22      21.    In accordance with the terms of the oral agreement between the parties, Lum proceeded

23  to obtain the funds with a Line of Credit from the Bank and accordingly forwarded to Beck such funds,

24  which exceeded $1,100,000, along with a $4,000 personal loan for Beck's alleged partnership in Santa

25  Fe, Mexico. As such, Lum performed his part of the obligations.

26      22.    However, Beck and his company, the Interbanc Group, and Ryan Connelly, breached

27

28                          5

                    **COMPLAINT**

1  their part of the bargain by: (1) failing to repay the loans exceeding $1,100,000, (2) failing to repay the

2  $4,000 personal loan, (3) failing to securitize the two loans to benefit Lum, (3) failing to provide any

3  documentations to Lum, and (4) intentionally diverting the $385,000 that Rodriguez allegedly returned

4  to himself and his Company, money that rightfully belonging to Lum.

5      23.    As a direct and proximate result of Defendants' breach of the Agreement, Plaintiff has

6  sustained contractual and consequential damages, including loss of the use of funds, his profits,

7  interests, among other things. Due to the Defendants' wrongdoing, Lum continues to make monthly

8  payments to the Bank on the Line of Credit.  Now, Plaintiff also has to incur funds to retain legal

9  counsel to collect these funds. The total amount of damage will be proved at the time of trial, but in an

10 amount exceeding $1,100,000.

11                          **THIRD CAUSE OF ACTION**

12                          **( Breach of Fiduciary Duty )**

13            **( Against Defendants Beck, the Interbanc Group, and Does 1 to 20 )**

14      24.    Plaintiff hereby incorporates paragraphs 1 through 14, inclusive, as though set forth

15 herein.

16      25    Beck represented to Lum that he was a finance / loan broker engaged in private equity

17 business.  In such capacities, Beck owed a fiduciary duty to protect the interest of Lum.

18      26.    Beck also had a duty in good faith to properly manage Lum's funds and conduct

19 business on behalf Lum.

20      27.    Beck breached his fiduciary duties owed to Lum as follows:  ( a ) failure to repay the

21 loan to Connelly in the amount of $650,000 plus accrued profits and interests, ( b ) failure to repay the

22 loan made to Rodriguez and profits totaling $385,000, plus accrued interests, ( c ) failure to securitize

23 either of the Connelly loan or the Rodriguez loan, ( d ) converted the $385,000 that Rodriguez repaid

24 to Beck, which should have been returned to Lum, ( e ) failure to return the $4,000 personal loan, ( f )

25 failure to provide any documentation on the loans as agreed, ( g ) failure to possess the loan brokerage

26 license as required by law.

27

28                                    6

                                _____
                                    **COMPLAINT**

1      28.    As a direct and proximate result of Defendants' improprieties and wrongful conduct,

2    Plaintiff has sustained damage in an amount not yet ascertain, but in excess of $1,100,000. Further,

3    Defendants have been unjustly enriched. The exact amount of such unjust enrichment will be proven

4    at trial.

5      29.    Defendants performed and conducted the acts herein maliciously, despicably, and

6    oppressively, with the intent to defraud plaintiff. Therefore, plaintiff is entitled to exemplary or

7    punitive damages, the exact sum to be proven at trial.

8    <div align="center">**FOURTH CAUSE OF ACTION**</div>

9    <div align="center">**( Breach of Covenant of Good Faith and Fairing Dealing )**</div>

10    <div align="center">**( Against Defendants Beck, the Interbanc Group, and Does 1 to 20 )**</div>

11      30.    Plaintiff hereby incorporates paragraphs 1 through 14, inclusive, as though set forth

12    herein.

13      31.    The agreement between Lum and Beck included an implied covenant of good faith and

14    fair dealing, pursuant to which Beck promised that he would not take any actions in the course of the

15    parties' performance of the agreement that would deprive Plaintiff of the benefit of their bargain or

16    otherwise interfere with or prevent their performance thereof.

17      32.    Defendant Beck stood in a special relationship with Plaintiff based on their relationship

18    that Beck was the alleged Loan Broker of Lum. As such, Beck owed a fiduciary duty to Lum.

19      33.    The Defendants tortiously breached their fiduciary duties to Lum and the Implied

20    Covenant of Good Faith and Fair Dealing and deprived Lum of the benefits of their agreement by

21    taking the actions alleged herein.

22      34.    Plaintiff has been severely damaged by defendants' breach, as alleged herein, in an

23    amount in excess of $1,100,000 including the accrued interest.

24      35.    In taking the above actions, Defendants acted intentionally, knowingly, maliciously,

25    with fraud and oppression with a conscious disregard of Plaintiff's rights, and for the express purpose

26    of advancing their self-interests at the expense of the Plaintiff. Plaintiff is thus entitled to an award of

27

28

<div align="center">7

**COMPLAINT**</div>

1   punitive damages from Defendants.

2                          **FIFTH CAUSE OF ACTION**

3                            **( Civil Conspiracy )**

4    **( Against Defendants Beck, the Interbanc Group, Ryan Connelly, and Does 1 to 20 )**

5        36.    Plaintiff hereby incorporates paragraphs 1 through 14, inclusive, as though set forth

6   herein.

7        37.    Defendants Beck, the Interbanc Group, and Ryan Connelly agreed and conspired to

8   induce Lum to obtain a Line of Credit from the Bank, then, induced Lum to loan them the $650,000,

9   which Connelly used to purchase his real property in Nevada without intending to repay the funds.

10  Then, these Defendants conspired to divert the $385,000 to Beck and Interbanc.

11       38.    Defendants' wrongful conduct has proximately and directly caused severe damage to

12  the plaintiff and his parents' who own the apartment complexes used in obtaining the Line of Credit.

13                         **SIXTH CAUSE OF ACTION**

14                             **( Accounting )**

15     **( Against Defendants Beck, the Interbanc Group, and Does 1 to 20 )**

16       39.    Plaintiff hereby incorporates paragraphs 1 through 14, inclusive, as though set forth

17  herein.

18       40.    After Lum provided well over $1,000,000 to Beck, Beck failed to provide any

19  documents to Lum, or to disclose to Lum information about the underlying transactions. Subsequent

20  to receiving the $385,000 from Rodriguez, Beck directed the funds to himself and Interbanc, without

21  Lum's knowledge or consent.

22       41.    Therefore, an accounting is necessary to determine the extent to which Lum's funds

23  were used to benefit Beck, Interbanc, and his accomplices.

24                         **SEVENTH CAUSE OF ACTION**

25                            **( Constructive Trust )**

26     **( Against Defendants Beck, the Interbanc Group, and Does 1 to 20 )**

27

28                                    8
                              **COMPLAINT**

42.    Plaintiff hereby incorporates paragraphs 1 through 14, inclusive, as though set forth herein.

43.    At all times, Beck, as Lum's loan broker, owed to Lum a fiduciary duty of good faith, honesty, full disclosure and fair dealing with Lum's funds. Beck breached his fiduciary duty by diverting Lum's funds into Beck's own account and Interbanc, while leaving Lum in the dark about the underlying transactions, and recklessly failed to securitize the loans with the purchased properties in favor of Lum.

44.    Plaintiff reasonably entrusted Beck and Interbanc with his funds. Beck intended to defraud the plaintiff from the inception of the loans. Plaintiff was unaware of the Defendants' intent to deceive him, and under the mistaken belief that Beck was genuine.

45.    By reason of the foregoing acts, Defendants hold possession of Lum's funds and other benefits derived directly or indirectly therefrom, as constructive trustees for the benefit of the Plaintiff.

## EIGHTH CAUSE OF ACTION

### ( Injunctive Relief )

### ( Against all Defendants )

46.    Plaintiff hereby incorporates paragraphs 1 through 14, inclusive, as though set forth herein.

47.    The Defendants are in possession of he funds that Lum tendered to them, which, in its aggregate, exceeds $1,100,000.

48.    As a sole and proximate result of Defendants' acts of misappropriation and use of the funds, Lum has sustained the loss of the use of the funds, his returns, interests, he is continuing to make payments to the Bank on the Line of Credit, which if not done, the apartment complexes will risk of being foreclosed, thus ruining the credit or Lum and his parents.

49    Plaintiff requests that Defendants be enjoined from transferring such funds, which is rightfully owned by the Plaintiff.

## NINTH CAUSE OF ACTION

9

**COMPLAINT**

1    ( Declaratory Relief )

2    ( Against All Defendants )

3    50.    Plaintiff hereby incorporates paragraphs 1 through 14, inclusive, as though set forth

4    herein.

5    51.    An actual controversy has arisen and now exists between the Plaintiff and Defendants

6    regarding their respective rights and duties

7    52.    A declaration of the rights and duties of the respective parties is necessary and

8    appropriate.

9

10    **PRAYER FOR RELIEF**

11    **WHEREFORE**, Plaintiff prays for a judgment against the Defendants, and each of them,

12    jointly and severally, as follows:

13    FOR ALL CAUSES OF ACTION

14    1.    For compensatory damages in an amount exceeding $1,100,000.

15    2.    For return on investment on the funds loaned to the Defendants.

16    3.    For funds expended to pay for the Line of Credit to be proved at trial.

17    4.    Pre-award and post-award interest at the maximum rate allowed by law from the

18    date of the loans.

19    5.    For an award of exemplary or punitive damages in an amount to be determined by

20    trier of fact to punish Defendants for their willful and outrageous conduct, and to

21    serve as an example to deter such conduct in the future.

22    6.    For all costs, including expert witness fees, attorney's fees, and any other costs deemed

23    reasonable.

24    7.    For all losses associated with what such funds should have earned if appropriately

25    invested and lost opportunity costs associated with the unsuitable investments

26    according to proof at trial.

27

28

10

**COMPLAINT**

1

      8.    Such other relief as the Court may deem just and proper.

2

3

Dated: April _____25_____, 2007.       Respectfully submitted,

4

**LAW OFFICES OF EDWIN CHAU**

5

**LAW OFFICES OF HAUSMANN & GOLDSTONE**

6

7

By: Edwin P. Chau
Attorneys for Plaintiff Bing Lum

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

11

**COMPLAINT**

| NAME, ADDRESS, AND TELEPHONE NUMBER OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | |
|---|---|---|

NAME, ADDRESS, AND TELEPHONE NUMBER OF ATTORNEY OR PARTY WITHOUT ATTORNEY:
Edwin Chau (164900)    Edwin Hausmann (53720)
Law Offices of Edwin Chau Hausmann & Goldstone,P.C.
506 N. Garfield Ave., #260 626 Wilshire Blvd., #900
Alhambra, CA 91801    Los Angeles, CA 90017
Tel: 626-300-3801    Tel: 213-627-8866

ATTORNEY FOR (Name): Bing Lum, Plaintiff

CONFORMED COPY
OF ORIGINAL FILED
Los Angeles Superior Court

OCT 12 2007

John A. Clarke, Executive Officer/Clerk
By_____,Deputy
Jason Tayler

SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
COURTHOUSE ADDRESS:
111 North Hill Street, Los Angeles, CA 90012
PLAINTIFF:
Bing Lum
DEFENDANT:
Mark S. Beck, an individual, et al.

AMENDMENT TO COMPLAINT
(Fictitious /Incorrect Name)

CASE NUMBER:
BC370177

☑ **FICTITIOUS NAME** *(No order required)*

Upon the filing of the complaint, the plaintiff, being ignorant of the true name of the defendant and having designated the defendant in the complaint by the fictitious name of:

FICTITIOUS NAME
Doe 1

and having discovered the true name of the defendant to be:

TRUE NAME
Charles S. Dickens, Jr., an individual

amends the complaint by substituting the true name for the fictitious name wherever it appears in the complaint.

| DATE | TYPE OR PRINT NAME | SIGNATURE OF ATTORNEY |
|---|---|---|
| 10/11/2007 | Edwin Chau, Esq. | |

☐ **INCORRECT NAME** *(Order required)*

The plaintiff, having designated a defendant in the complaint by the incorrect name of:

INCORRECT NAME

and having discovered the true name of the defendant to be:

TRUE NAME

amends the complaint by substituting the true name for the incorrect name wherever it appears in the complaint.

| DATE | TYPE OR PRINT NAME | SIGNATURE OF ATTORNEY |
|---|---|---|

**ORDER**

THE COURT ORDERS the amendment approved and filed.

_____
Dated

_____
Judicial Officer

LACIV 105 (Rev. 01/07)
LASC Approved 03-04

**AMENDMENT TO COMPLAINT**
**(Fictitious / Incorrect Name)**

Code Civ. Proc., §§ 471.5,
472, 473, 474

| NAME, ADDRESS, AND TELEPHONE NUMBER OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER |
|---|---|

Edwin Chau (164900)        Edwin Hausmann (53720)
Law Offices of Edwin Chau Hausmann & Goldstone,P.C.
506 N. Garfield Ave., #260  626 Wilshire Blvd., #900
Alhambra, CA 91801          Los Angeles, CA 90017
Tel: 626-300-3801           Tel: 213-627-8866

ATTORNEY FOR (Name): Bing Lum, Plaintiff

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**

COURTHOUSE ADDRESS:
111 North Hill Street, Los Angeles, CA 90012

PLAINTIFF:
Bing Lum

DEFENDANT:
Mark S. Beck, an individual, et al.

**AMENDMENT TO COMPLAINT**
**(Fictitious /Incorrect Name)**

CONFORMED COPY
OF ORIGINAL FILED
Los Angeles Superior Court

OCT 12 2007

John A. Clarke, Executive Officer/Clerk
By _____ ,Deputy
        Jalon Taylor

CASE NUMBER:
BC370177

☑ **FICTITIOUS NAME** *(No order required)*

Upon the filing of the complaint, the plaintiff, being ignorant of the true name of the defendant and having
designated the defendant in the complaint by the fictitious name of:

FICTITIOUS NAME
Doe 2

and having discovered the true name of the defendant to be:

TRUE NAME
Tower Park Properties, LLC

amends the complaint by substituting the true name for the fictitious name wherever it appears in the complaint.

| DATE | TYPE OR PRINT NAME | SIGNATURE OF ATTORNEY |
|---|---|---|
| 10/11/2007 | Edwin Chau, Esq. | |

☐ **INCORRECT NAME** *(Order required)*

The plaintiff, having designated a defendant in the complaint by the incorrect name of:

INCORRECT NAME

and having discovered the true name of the defendant to be:

TRUE NAME

amends the complaint by substituting the true name for the incorrect name wherever it appears in the complaint.

| DATE | TYPE OR PRINT NAME | SIGNATURE OF ATTORNEY |
|---|---|---|
| | | |

## ORDER

THE COURT ORDERS the amendment approved and filed.

_____
Dated

_____
Judicial Officer

LACIV 105 (Rev. 01/07)
LASC Approved 03-04

**AMENDMENT TO COMPLAINT**
**(Fictitious / Incorrect Name)**

Code Civ. Proc., §§ 471.5,
472, 473, 474