1  DANIEL H. REISS (SBN 150573)
   dhr@lnbrb.com
2  DAVID B. GOLUBCHIK (SBN 185520)
   dbg@lnbrb.com
3  LEVENE, NEALE, BENDER, RANKIN & BRILL L.L.P.
   10250 Constellation Blvd., Suite 1700
4  Los Angeles, California 90067
   Telephone:  (310) 229-1234
5  Facsimile:  (310) 229-1244
6
7  Attorneys for Chapter 11 Debtor and Debtor in Possession
   Tower Park Properties, LLC
8
                    **UNITED STATES BANKRUPTCY COURT**
9
                     **CENTRAL DISTRICT OF CALIFORNIA**
10
                          **LOS ANGELES DIVISION**
11

| | |
|---|---|
| In re | ) Case No. 2:08-bk-20298-BR |
| | ) |
| TOWER   PARK   PROPERTIES,   LLC, | ) Chapter 11 |
| | ) |
| Debtor and Debtor in Possession. | ) |
| | ) **ORDER CONFIRMING DEBTOR'S** |
| | ) **FIFTH AMENDED CHAPTER 11 PLAN** |
| | ) **OF REORGANIZATION** |
| | ) |
| | ) |
| | ) **Plan Confirmation Hearing:** |
| | ) Date:   March 9, 2010 |
| | ) Time:  10:00 a.m. |
| | ) Place:  Courtroom 1668 |
| | ) 255 East Temple Street |
| | ) Los Angeles, CA 90012 |


FILED & ENTERED

APR 01 2010

CLERK U.S. BANKRUPTCY COURT
Central District of California
BY fortier      DEPUTY CLERK

A hearing was held on March 9, 2010 at 10:00 a.m. (the "Confirmation Hearing"), to consider confirmation of the Fifth Amended Plan of Reorganization (the "Plan"), proposed by Tower Park Properties, LLC, the debtor and debtor in possession herein (the "Debtor"). Appearances were as set forth on the Court's record.  All parties were afforded the opportunity to submit testimony and other evidence at the time of the Confirmation Hearing.

The Court, having considered the Plan, Memorandum of Points and Authorities in Support of Confirmation of the Plan ("Confirmation Memo"), all declarations, evidence and ballot tabulation in support of confirmation of the Plan, proper and adequate notice of Plan confirmation and the hearing on Plan confirmation having been provided, the entire record in this bankruptcy case, the statements, representations and argument of all counsel at the hearing on Plan confirmation, no objections to confirmation of the Plan having been filed or asserted at the Confirmation Hearing, and good cause appearing therefor,

**IT IS HEREBY ORDERED AS FOLLOWS:**

1.    The Plan ( Exhibit "C" to Docket No. 181) is hereby confirmed pursuant to Sections 1129(a) and 1129(b) of the Bankruptcy Code.   The terms of the Plan are hereby expressly incorporated herein as though set forth in full hereat.

2.    All terms which are used herein and are not defined in this Order (the "Confirmation Order") shall have the definitions assigned to such terms in the Plan, except that defined terms found in paragraphs 16-17 of this Order shall take the meaning ascribed to them in the Construction Loan Agreement lodged with this Court on March 17, 2010 as Exhibit "1" to the Lodgment Pursuant To Oral Ruling Of The Court Confirming Fifth Amended Chapter 11 Plan Of Reorganization Of (1) Exit Financing Facility Loan Documents; And (2) Settlement Agreement By And Among The Debtor, La Jolla Capital Investors, And Others filed March 17, 2010, Docket No. 189 (the "Lodgment of Documents") .

2

3.      Findings of fact shall be construed as conclusions of law and conclusions of law shall be construed as findings of fact when appropriate.  Any statements of this Court from the bench at the Confirmation Hearing shall constitute additional findings of fact and conclusions of law as appropriate and are expressly incorporated by reference in this Confirmation Order.

4.      The Plan represents a compromise and settlement agreed to among the Debtor and certain of the principal stakeholders, including the Committee, the Hughes Entities, and LJCI as to a number of significant and complex issues in dispute in this Case.  In the absence of the compromises and settlements reached by the parties and embodied in the Plan, the Debtor's emergence from chapter 11 could be significantly delayed by time-consuming and expensive litigation, which could impair the ability of the Debtor to successfully reorganize its estate, thus prejudicing the recoveries of all creditors.  The terms and provisions of the Plan that reflect the compromises and settlements do not discriminate unfairly, and are fair and equitable and within the bounds of reasonableness, with respect to each class of Claims and Interests treated under the Plan.

5.      Pursuant to section 1123(b)(3) of the Bankruptcy Code and Bankruptcy Rule 9019(a), the settlements, compromises, releases, discharges, exculpations and injunctions set forth in the Plan and herein and implemented by this Confirmation Order are fair, equitable, reasonable and in the best interests of the Reorganized Debtor, the Debtor, and its estate, creditors and equity holders.  The releases of non-Debtors under the Plan are fair to holders of Claims and are necessary to the proposed reorganization.  The record of this Case is sufficient to support the releases, exculpations and injunctions provided for in the Plan and herein.

6.      Notwithstanding anything to the contrary under Section 1141 of the Bankruptcy Code, upon the Effective Date of the Plan:

a.    Subject to the provision below, confirmation shall bind the Debtor, its estate, the Reorganized Debtor, all creditors, any person acquiring or receiving property under the Plan, any party to a contract with the Debtor, any other parties in interest to the provisions of the Plan whether or not the claim of such creditor is impaired under the Plan and whether or not such creditor has accepted the Plan, and the respective heirs, executors, administrators, successors or assigns, if any, of any of the foregoing.

b.    Except as otherwise provided in the Plan or in this Confirmation Order, on the Effective Date, to the extent applicable, the Debtor will be discharged from any debt that arose before confirmation of the Plan, and any debt of a kind specified in Section 502(g), 502(h) or 502(i) of the Bankruptcy Code whether or not a proof of claim based on such debt was filed or deemed filed under Section 501 of the Bankruptcy Code, such claim was allowed under Section 502 of the Bankruptcy Code or the holder of such claim accepted the Plan.

c.    Subject to the provisions below and the terms of the Exit Financing Facility, the Hughes Trust Settlement, and as otherwise set forth in this Confirmation Order, nothing shall limit the effect of confirmation as described in Sections 524 and/or 1141 of the Bankruptcy Code, and on the Effective Date, the Debtor shall be deemed discharged and released to the fullest extent permitted by Section 1141 of the Bankruptcy Code.

d.    Subject to the provision noted in section e. below, and except as set forth in the terms of the Exit Financing Facility, the Hughes Trust Settlement, and as otherwise set forth in this Confirmation Order, all parties that have held, currently hold, or may hold a claim discharged pursuant to the terms of the Plan, shall be permanently enjoined by Section 524 of the Bankruptcy Code on and after the Effective Date from taking any of

4

the following actions on account of any such discharged claim: (a) commencing or continuing in any manner any action or other proceeding against the Reorganized Debtor, (b) enforcing, attaching, collecting, or recovering in any manner any judgment, award, decree, or order against the Reorganized Debtor, provided, however, that the foregoing injunction shall not apply to bar any claim of recoupment or setoff, (c) creating, perfecting, or enforcing any lien or encumbrance against the Reorganized Debtor, and (d) commencing or continuing any action, in any manner, in any place, that does not comply with or is inconsistent with the provisions of the Plan or this Confirmation Order. Any person violating such injunction may be liable for actual damage, including costs and attorneys' fees and, in appropriate circumstances, punitive damages.

e.    Except as provided elsewhere in the Plan, the confirmation of the Plan revests all of the property of the estate in the Reorganized Debtor. In addition, on the Effective Date, all of the claims against and/or interests in third parties that constitute property of the estate shall be revested in the Reorganized Debtor. Following the Effective Date, and except as set forth in the terms of the Exit Financing Facility, the Hughes Trust Settlement, and as otherwise set forth in this Confirmation Order, the Reorganized Debtor shall have absolute authority to prosecute, waive, adjust or settle any claims without the need for approval by the Court. Following the Effective Date, the Reorganized Debtor shall have the authority to employ such professionals as it deems necessary to prosecute or defend such claims asserted without the need for Court approval. However, the revesting of property in the Reorganized Debtor as set forth herein, or any other provision of the Plan, shall not discharge, modify or otherwise affect any obligations under the Exit Financing Facility and the Hughes Trust Settlement.

7.    Except as set forth in the terms of the Exit Financing Facility, the Hughes Trust

Settlement, or as otherwise set forth in this Confirmation Order, this Confirmation Order shall enjoin the prosecution, whether directly, derivatively or otherwise, of any claim, obligation, suit, judgment, damage, demand, debt, right, cause of action, liability or interest released, discharged or terminated pursuant to the Plan.

8.    The Exit Financing Facility, the Hughes Trust Settlement and the documents relating to the Exit Financing Facility and Hughes Trust Settlement (the "Exit Financing Documents"), forms of which are annexed as Exhibits "1" – "9" to the Lodgment of Documents, are hereby approved.

9.    The Plan, together with the Exit Financing Facility, Hughes Trust Settlement, and the consensual resolution of the claim held by La Jolla Capital Investors, LLC ("LJCI") and LJCI's rights, as described in the Plan and contained in certain of the Exit Financing Documents (the "LJCI Settlement"), were negotiated between the Debtor and the Hughes Entities and by the Debtor and LJCI, as applicable, in good faith and at arm's-length.    The terms of the Exit Financing Facility, and the payment of fees and expenses, if any, in connection therewith, are fair and reasonable, reflect the Debtor's exercise of prudent business judgment consistent with its fiduciary duties and are supported by reasonably equivalent value and fair consideration.    The terms of the Plan, including the Exit Financing Facility, are in the best interests of the Reorganized Debtor, the Debtor and its estate, creditors and other parties in interest.    On the Effective Date, all of the liens and security interests to be created under the Exit Financing Facility shall be deemed approved.    In furtherance of the foregoing, the Reorganized Debtor is authorized to make all filings and recordings, and to obtain all governmental approvals and consents necessary to establish and perfect such liens and security interests under the provisions of state, provincial, federal or other law (whether domestic or foreign) that would be applicable in the absence of this Confirmation Order, and will thereafter cooperate to make all other filings and

recordings that otherwise would be necessary under applicable law to give notice of such liens and security interests to third parties of the Reorganized Debtor, the Debtor and its estate, creditors and other parties in interest.

10. The LJCI Settlement Agreement that sets forth the full and complete terms of the LJCI Settlement, annexed as Exhibit "10" to the Lodgment of Documents, is hereby approved.

11. Any and all credit provided by the Lender to the Reorganized Debtor under the Exit Financing Facility shall be, and hereby is, deemed to have been provided in good faith and any reversal or appeal of this Confirmation Order, or the provisions of this Confirmation Order approving the provision of credit under the Exit Financing Facility or the granting of liens to the Lender, will not affect the validity of any debt incurred by the Reorganized Debtor pursuant to this Confirmation Order, the Plan and/or the Exit Financing Documents, or any priority or lien granted pursuant to this Confirmation Order, the Plan and/or the Exit Financing Documents, unless the authorization and incurring of such debt, or the granting of such priority or lien, has been stayed pending appeal, and written notice thereof has been given to the Debtor and the Lender.

12. The automatic stay provisions of 11 U.S.C. § 362, to the extent applicable, are hereby modified to permit the creation and perfection of liens and security interests pursuant to the Exit Financing Facility and the Hughes Trust Settlement.

13. All obligations of the Reorganized Debtor to the Lender under and with respect to the Exit Financing Facility and the Hughes Trust Settlement shall be secured by a lien senior to all prepetition liens other than liens for real estate taxes and liens securing the Existing Loans.

14. The Hughes Entities shall maintain their liens on the collateral under the Existing Loans' documents.

15. On the Closing Date, Debtor, individually and as a representative of its bankruptcy

estate, Debtor's principals, the Committee, and the constituent members of the Committee, shall and shall be deemed to have (i) acknowledged the enforceability of the Existing Loans and related liens and collateral therefor; (ii) waived any defenses, counterclaims or rights of setoff; (ii) acknowledged the scope, validity, perfection, priority and enforceability of the liens on any collateral; and (iii) granted a full, general and complete release of Lender, Hughes Entities, their members, attorneys, and other agents by Debtor and the bankruptcy estate, except as to obligations under the Plan, the Exit Financing Documents, and this Order, which release shall bind the estate and all successors in interest thereto.  On the Closing Date, Lender and the Hughes Entities likewise shall and shall be deemed to have granted a full, general and complete release of the Debtor, except as to obligations under the Plan, the Exit Financing Documents, the Existing Loans, and this Order.

16.    At any time after the initial Loan disbursement and based solely upon a finding as confirmed by the Bankruptcy Court that a Default under the Loan exists (provided that (A) such proceeding is an expedited hearing of 21 days notice on motion by Lender, and (B) in any such proceeding, Borrower has the burden of proof that a Default under the Loan does not exist), "cause" shall be deemed to exist to terminate the automatic stay in the Bankruptcy Case and Lender and Existing Lenders shall have leave to foreclose upon the Collateral and to pursue all other remedies available under the Loan and the Existing Loans, respectively, including, but not limited to, requiring the Bankruptcy Court Deed.

17.    The Subordinate Deeds of Trust are subordinate to the lien of the Deed of Trust.

18.    Notwithstanding any provision to the contrary in the Exit Financing Documents, the Hughes Settlement, the LJCI Settlement Agreement, and the operative documents relating to the Existing Loans of the Hughes Entities or the LJCI Secured Claim,  all  liens and security interests to be created under the Exit Financing Facility  and all liens in favor of the Hughes

8

Entities under the Existing Loans and any and all liens securing the LJCI Secured Claim shall be subordinate to the conditions, covenants and restrictions to be later executed and recorded by the Reorganized Debtor (the "CC&R's"), which CC&R's shall be subject to the review and consent of the Hughes Entities and LJCI, which consent shall not be unreasonably withheld.   The Hughes Entities and LJCI shall execute such documents as reasonably necessary to effectuate the subordination in this paragraph.

19.    The LJCI Parties shall release and shall be deemed to have released each of the Hughes Parties, and the Hughes Parties shall likewise release and shall be deemed to have released the LJCI Parties, from all known and unknown claims relating to the purchase, sale and financing of the subject properties, which mutual releases shall become effective upon the later to occur of (i) the Effective Date or (ii) the receipt by LJCI of the Initial LJCI Payment.

20.    Other than (a) the property tax liens of Los Angeles County, (b) the Existing Liens of the Hughes Entities whose treatment shall be consistent with the terms of the Exit Financing Facility and the Hughes Trust Settlement, and (c) LJCI's lien, whose treatment shall be consistent with the terms described in the Plan, all other liens on the Property (the "Junior Liens") shall be treated as follows: (1) the Junior Liens shall remain on the Property in their allowed amount, priority and validity, which amount, priority and validity are not determined except as set forth in the Plan; (2) the Junior Liens, to the extent that they secure allowed secured claims of this bankruptcy estate, shall be paid in accordance with the procedure set forth in the Plan in their order of priority under applicable nonbankruptcy law, except as otherwise provided herein; (3) in the event of a sale or other disposition of a Property Interest (a "Property Sale"), whether or not the cash or other proceeds from the Property Sale are sufficient to satisfy, in accordance with the procedure set forth in the Plan, any portion of the Junior Liens, the holders of such Junior Liens shall be deemed to consent to the Property Sale and all Junior Liens shall be deemed

automatically released as a matter of law in sufficient time to close such Property Sale without further order of the Bankruptcy Court; (4) Junior Liens released hereunder shall automatically and immediately attach to the proceeds of the Property Sale or any other transaction unless otherwise provided in the Plan; (5) Junior Liens shall be junior and subordinate to: (i) the Exit Financing Facility; (ii) the LJCI Secured Claim and other senior creditor Classes in the Plan as determined by applicable bankruptcy and non-bankruptcy law, including, but not limited to, liens securing the Existing Loans; (iii) the CC&R's and amendments and annexations thereto; and (iv) the Debtor's authority to execute and record such CC&R's, and amendments and annexations to the CC&R's; (6) to the extent that proceeds from a Property Sale includes noncash consideration, this Confirmation Order shall serve as evidence of the attachment and perfection of a Junior Lien in the proceeds of a Property Sale, which attachment and perfection shall occur upon the closing of the Property Sale (the "Sale Closing"); provided, however, that the entry of this Confirmation Order shall not constitute a determination of the validity, enforceability or priority of any Junior Lien, nor shall the Confirmation Order be evidence of the allowance of any claim secured by a Junior Lien.  A list of the Junior Liens as currently reflected in the public records is annexed hereto as Exhibit "A".  Upon the Sale Closing, all Junior Liens shall be deemed released from the Property Interest transferred, without need for further action by any of the parties to the Property Transfer or holders of Junior Liens.  The Reorganized Debtor shall, in its business judgment, when cash flow permits and in accordance with the terms of the Plan, pay any unpaid allowed amounts of the claims of Class 4 through 11 either from the proceeds of a Property Sale or from such other available assets.  In the event documents must be prepared or executed to effectuate the foregoing lien releases and the respective holder of a Junior Lien does not consent to promptly execute such document, the Reorganized Debtor shall be deemed to be the attorney-in-fact for any holder of a Junior Lien and shall have the right to execute such documents on behalf of the

respective holder of a Junior Lien as are necessary and property to effectuate the provisions of this Paragraph.

21.     Any proof of claim for damages arising from the rejection of an executory contract or unexpired lease and any request or application for payment of administrative claims, other than claims for professional fees, must be filed with the Court and served on the counsel of record for the Debtor and the Reorganized Debtor, by no later than thirty days after the Effective Date.  Any person holding such claims that does not timely file and serve a request or application for payment of such claim shall be forever barred from asserting such claim or instituting an action seeking payment of such claim in any forum or from any court against the Debtor, the Reorganized Debtor, or the Debtor's estate.

22.     Pursuant to Rule 3003(c)(2) of the Federal Rules of Bankruptcy Procedure, any Claims that the Debtor scheduled as disputed, contingent or unliquidating, for which a proof of Claim was not timely filed, are disallowed in their entirety and shall not receive any distribution under the Plan.

23.     The Class 10 alleged claim of United States Venture Capital, LLC is hereby disallowed and the lien filed to purportedly secured such alleged claim is hereby extinguished and of no force or effect.

24.     The Court will retain jurisdiction over the Case to resolve any objections to Claims which are filed after the Effective Date or which are filed prior to the Effective Date but which are not resolved to final order prior to the Effective Date and shall otherwise retain jurisdiction in accordance with and over those matters specified in Section III.F.3 of the Plan.   This Confirmation Order shall not be res judicata, collateral estoppel, or other bar to Reorganized Debtor's or other parties' in interest, right to object to such Claims after the Effective Date.

25.     This Confirmation Order shall direct each and every federal, state, and local

governmental agency or department to accept any and all documents and instruments necessary and appropriate to consummate the transactions contemplated by the Plan.

26.    Pursuant to section 1146(a) of the Bankruptcy Code, the creation of any mortgage, deed of trust, lien, pledge or other security interest under or in connection with the Plan; or the making or delivery of any deed or other instrument of transfer under or in connection with the Plan, will not be subject to any stamp tax or other similar tax.  The Debtor is hereby authorized to deliver a notice or short form of this Confirmation Order to any state recording officer to the effect that such officer must accept for filing such security interests without charging any stamp tax or other similar tax.

27.    The Debtor is hereby authorized to take all steps necessary to implement and consummate the provisions of the Plan.

28.    On the Effective Date, the Official Committee of Unsecured Creditors shall be deemed dissolved.

29.    The substantial consummation of the Plan, within the meaning of section 1101(2) of the Bankruptcy Code, shall be deemed to occur on the Effective Date.

30.    Within 120 days of the entry of this Confirmation Order, the Debtor shall file a status report with the Court explaining what progress has been made toward consummation of the confirmed Plan.  The status report shall be served on the United States Trustee, and those parties who have requested special notice after the Effective Date.  Further status reports shall be filed every 120 days and served on the same entities.

31.    Once the Debtor's estate has been fully administered in accordance with Rule 3022 of the Federal Rules of Bankruptcy Procedure, the Reorganized Debtor shall file a motion to obtain a final decree closing the Case, provided that this Case shall remain open until the Maturity Date under the Exit Financing Facility, unless otherwise ordered by the Court.  The Reorganized

Debtor shall be responsible for the timely payment of all fees incurred pursuant to 28 U.S.C. Section 1930(a)(6) until the entry of a final decree closing this Case.

32.    The provisions of the Plan and this Confirmation Order, including the findings of fact and conclusions of law set forth herein, are nonseverable and mutually dependent.

33.    Any conflict between the express terms of this Confirmation Order and the Plan shall be resolved in favor of this Order.

34.    Any issue not addressed in this Confirmation Order but addressed in the Plan shall be resolved pursuant to the terms of the Plan.

35.    The failure to reference a particular provision of the Plan in this Order shall not affect the validity or enforceability of such provision. Each provision of the Plan shall be deemed authorized and approved by this Order and shall have the same binding effect of every other provision of the Plan, whether or not mentioned in this Order.

36.    This Confirmation Order is a final order and the period in which an appeal must be filed shall commence upon the entry hereof.  Notwithstanding Bankruptcy Rules 7062 or 3020(e), this Confirmation Order shall be effective and enforceable immediately upon entry, and the 14-day stay provided for under Rule 3020(e) of the federal Rules of Bankruptcy Procedure shall not be applicable.

# # #

DATED: April 1, 2010

_____
United States Bankruptcy Judge

13

1

2

3

4

5

6

7

8

9

10

11

12

13

14                                **EXHIBIT "A"**

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Exhibit "A" to Order Confirming Debtor's Fifth
Amended Chapter 11 Plan or Reorganization

### List of Junior Liens

1.    An Abstract of Judgment for the amount shown below and any other amounts due:

| | |
|---|---|
| Amount: | $1,000,000.00 |
| Debtor: | Tower Park Properties, LLC |
| Creditor: | KGMAC, LLC |
| Case No.: | BC339033 |
| Recorded: | February 7, 2008 as Instrument No. 08-232441, of Official Records |

2.    A Deed of Trust which purports to secure performance of an agreement referred to therein, and any other obligations secured thereby

| | |
|---|---|
| Dated: | November 14, 2007 |
| Trustor: | Charles Dickens, Managing Member of Tower Park Properties, LLC |
| Trustee: | Chicago Title Insurance Company, a California corporation |
| Beneficiary: | Marvin Barsky, a single man |
| Recorded: | February 22, 2008 as Instrument No. 20080308119 of Official Records. |

3.    A claim of Mechanic's Lien

| | |
|---|---|
| Amount: | $64,238.00 |
| Claimant: | Oakridge Landscape Inc. |
| Recorded: | April 7, 2008 as Instrument No. 08-591495 |

4.    A claim of Mechanic's Lien

        Amount:                    $27,725.00
        Claimant:                  Athans Enterprises, Inc.
        Recorded:                  July 29, 2008 as Instrument No. 08-1350703

5.    A claim of Mechanic's Lien

        Amount:                    $15,003.66
        Claimant:                  Geocrete Brow Ditch, Inc.
        Recorded:                  July 31, 2008 as Instrument No. 08-1373697

6.    A Deed of Trust which purports to secure performance of an agreement referred to therein,
      and any other obligations secured thereby

        Dated:                     May 30, 2008
        Trustor:                   Charles Dickens, an individual
        Trustee:                   United States Venture Capital, LLC
        Beneficiary:               United States Venture Capital, LLC
        Recorded:                  June 3, 2008 as Instrument No. 08-969443 of Official Records.

7.    A claim of Mechanic's Lien

        Amount:                    $234,790.61
        Claimant:                  Finton Construction, Inc.
        Recorded:                  September 17, 2008 as Instrument No. 08-1676134

16

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is 10250 Constellation Blvd., Ste. 1700, Los Angeles, CA 90067

A true and correct copy of the foregoing document described as ORDER CONFIRMING DEBTOR'S FIFTH AMENDED CHAPTER 11 PLAN OF REORGANIZATION will be served or was served (a) on the judge in chambers in the form and manner required by LBR 5005-2(d); and (b) in the manner indicated below:

I.  **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** – Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s) ("LBR"), the foregoing document will be served by the court via NEF and hyperlink to the document. On March __, 2010, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following person(s) are on the Electronic Mail Notice List to receive NEF transmission at the email address(es) indicated below:

II.  **SERVED BY U.S. MAIL OR OVERNIGHT MAIL**(indicate method for each person or entity served)**:**
On March 17, 2010, I served the following person(s) and/or entity(ies) at the last known address(es) in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States Mail, first class, postage prepaid, and/or with an overnight mail service addressed as follows. *Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.*

## ALL ENTITIES SERVED VIA UNITED STATES MAIL

| | | |
|---|---|---|
| Tower Park Properties<br>c/o Robert S. Mann<br>2029 Century Park East, 19th Floor<br>Los Angeles, CA  90067 | Charles Dickens<br>2555 Strathmore Drive<br>Cumming, GA 30041 | Russell Clementson, Esq.<br>Office of the U.S. Trustee<br>725 S. Figueroa St., 26th Floor<br>Los Angeles, CA 90017 |
| ACS Security Industries, Inc.<br>100 Bel Air Road<br>Los Angeles, CA 90077 | Athans Enterprises Inc.<br>19311 Vanowen Street<br>Reseda, CA 91335 | Beverly Aire, LLC - Peter Sahagen<br>c/o Jon H. Freis, Esq.<br>120 El Camino Drive, Suite 204<br>Beverly Hills, CA 90212 |
| BJ Palmer & Associates Inc.<br>27122A Paseo Espada, Suite 921<br>San Juan Capistrano, CA 92675 | Camarillo Engineering Inc.<br>PO Box 758<br>Somis, CA 93066 | Cathcart, Collins LLP<br>P.O. Box 298<br>530 S. Lake Avenue<br>Pasadena, CA 91101-3515 |
| David Ruddich<br>c/o Alex Cornelius, Esq.<br>1299 Ocean Ave, Ste 400<br>Santa Monica, CA 90401 | Finton Construction<br>401 Rolyn Place<br>Arcadia, CA 91007 | Franchise Tax Board<br>Special Procedures<br>POB 2952<br>Sacramento, CA 95812 |
| GeoSoils Consultants Inc.<br>c/o Rudy Ruberti, Principal Geologist<br>6634 Valjean Avenue<br>Van Nuys, CA 91406 | Hablinski Manion<br>11150 West Olympic Blvd., Suite 800<br>Los Angeles, CA 90064 | Hilton & Hyland<br>250 N. Canon Dr.<br>Beverly Hills, CA 90210 |

17

Hughes Investment Partnership LLC
Attn: Conrad Klein
10100 Santa Monica Blvd., Ste. 300
Los Angeles, CA 90067

Internal Revenue Service
Insolvency I Stop 5022
300 N. Los Angeles St., #4062
Los Angeles, CA 90012-9903

KNA Engineering Inc.
30101 Agoura Court, Suite 120
Agoura Hills, CA 91301

LA DWP
P.O. Box. 3080
Los Angeles, CA 90030

La Jolla Capital Investors LLC
c/o Miguel Smith, Esq.
401  B  Street, Suite 1200
San Diego, CA 92101

Levy and Rowe, LLP
Joel D. Levy
10350 Santa Monica Blvd., Ste 130
Los Angeles, CA 90025

Los Angeles County Tax Collector
P.O. Box 54018
Los Angeles, CA 90054-0018

Major Appraisals
6033 W. Century Blvd., Suite 340
Los Angeles, CA 90045

Mark Hughes Family Trust
10100 Santa Monica Bl, Suite 300
Los Angeles, CA 90067

Marvin Barsky
4471 Azalia Drive
Tarzana, CA 91356

MH Holdings II H, LLC
Attn: Conrad Klein
10100 Santa Monica Blvd., Ste. 300
Los Angeles, CA 90067

Oakridge Landscape Inc.
8618 Haskell Ave
North Hills, CA 91343

Pacific Crest Consultants
c/o Gary L. Morris-Cmte. Chair Pres
23622 Calabasas Rd, Suite 100
Calabasas, CA 91302

Robert E. Truskowski, Inc.
1110 North Coast Highway
Laguna Beach, CA 92651-1372

Sierra Land Technologies
7225 Alabama Ave
Canoga Park, CA 91303

Silver & Freedman, APLC
Attn: Barry Weisz
2029 Century Park East, 19th Floor
Los Angeles, CA 90067-3005

SME Construction, Inc.
195 Dawson Dr.
Camarillo, CA 93012

The Sullivan Partnership
529 Hahn Ave., Suite 201
Glendale, CA 91203

Tower Park Development Co., LLC
c/o Cathcart, Collins & Kneafsey LLP
Joseph Collins, Esq.
444 South Flower Street 42nd Floor
Los Angeles, CA 90071

Wayne S. Williams
c/o Kenneth S. Ingber, Esq.
2029 Century Park East, Suite 1400
Los Angeles, CA 90067

William Rose & Associates
Attn:  William Rose
24911 Avenue Stanford, Suite 204
Valencia, CA 91355

William Scotsman
11811 Greenstone Ave
Santa Fe Springs, CA 90670

Counsel for GeoSoils Consultants, Inc.
Carl J. Lane
16255 Ventura Blvd., Ste. 205
Encino, CA  91436

Geocrete Brow Ditch, Inc.
1295 Distribution Way
Vista, CA 92081-8817

Securities Exchange Commission
450 5th Street, NW
Washington, DC  20549

Securities Exchange Commission
5670 Wilshire Boulevard, 11th Floor
Los Angeles, CA 90036

Employment Dev. Dept.
Bankruptcy Group MIC 92E
P. O. Box 826880
Sacramento, CA 94280-0001

Address per Proof of Claim
Camarillo Engineering Inc.
2009 Klamath Drive
Camarillo, CA 93010

Address per Proof of Claim
KGMAC, LLC; Prestige Ocean Prop LLC
4343 Dunwoody Club Drive
Suite 103
Atlanta, GA 30350

Address per Proof of Claim
Los Angeles County Tax Collector
P.O. Box 54110
Los Angeles, CA 90051-0110

18

| | | |
|---|---|---|
| Address per Proof of Claim | Address per Proof of Claim | Address per Proof of Claim |
| Joseph P. Collins, Esq. | Marvin Barsky | Paul Pechak |
| Adorno Yoss Alvarado & Smith | 10100 Santa Monica Boulevard # 300 | 7955 Lurline Avenue |
| 633 West Fifth Street, Suite 1100 | Los Angeles, CA 90067 | Winnetka, CA 91306 |
| Los Angeles, CA 90071 | | |
| | | |
| Address per Proof of Claim | Address per Proof of Claim | Address per Proof of Claim |
| Hablinski + Manion Architecture LLP | Procore Technologies, Inc. | Bing Lum |
| c/o Mehrdad Farivar | c/o Kingston, Martinez & Hogan | c/o Jayne T. Kaplan |
| 1055 West Seventh St., 24th Floor | 1300 Santa Barbara Street | 1112 Fair Oaks |
| Los Angeles, CA 90017 | Santa Barbara, CA 93101 | South Pasadena, CA 91030 |
| | | |
| Address per Proof of Claim | Address per Proof of Claim | Address per Proof of Claim |
| La Jolla Capital Investors LLC | Dr. Jagdish C. Mar & Mrs. Vijay Amar | Finton Construction, Inc. |
| Michael Breslauer-Solomon Ward | Thomas FitzGibbon-Pfieffer Thigpen et al | c/o Eoin Kreditor |
| 401  B  Street, Suite 1200 | 233 Wilshire Boulevard, Suite 220 | 19800 MacArthur Blvd., Suite 1100 |
| San Diego, CA 92101 | Santa Monica, CA 90401 | Irvine, CA 92612 |
| | | |
| Address per Proof of Claim | Address per Proof of Claim | Address per Proof of Claim |
| MH Holdings II H LLC | Hughes Investment Partnership LLC | Mark Hughes Family Trust |
| c/o Paul Walker; Christina Craige | c/o Paul R. Walker; Christina Craige | c/o Paul R. Walker; Christina M Craige |
| 555 West 5th Street, Suite 4000 | 555 West 5th Street, Suite 4000 | 555 West 5th Street, Suite 4000 |
| Los Angeles, CA 90013 | Los Angeles, CA 90013 | Los Angeles, CA 90013 |
| | | |
| Address per Proof of Claim | Address per Proof of Claim | Address per Proof of Claim |
| Cathcart Collins LLP | David Rudich | Kenneth Ingber |
| Joseph P. Collins | Jeffrey Costell-Costell & Cornelius LC | Ingber & Associates |
| 633 West Fifth Street, Suite 1100 | 1299 Ocean Avenue, Suite 400 | 2029 Century Park East, Suite 1400 |
| Los Angeles, CA 90071 | Santa Monica, CA 90401-1042 | Los Angeles, CA 90067 |
| | | |
| WRA Engineering, Inc. | Williams Scotsman Inc. | Donald Segretti, Esq. |
| c/o G. William Rose | Loss Mitigation Department | 19800 MacArthur Blvd. |
| 24933 Avenue Stanford | 8211 Town Center Drive | Suite 1000 |
| Valencia, CA 91355-1278 | White Marsh, MD 21235-5904 | Irvine, CA 92612-2433 |
| | | |
| Eoin L. Kreditor, Esq. | Stephen King | KGMAC, LLC |
| Friedman Stroffe & Gerard, PC | KGMAC LLC & Prestige Ocean Props. | Aron M. Oliner-Duane Morris LLP |
| 19800 MacArthur Blvd., Suite 1100 | 4243 Dunwoody Club Drive, Suite 103 | One Market Plaza |
| Irvine, CA 92612 | Atlanta, GA 30350-5206 | Spear Street Tower, Suite 2000 |
| | | San Francisco, CA 94105-1101 |
| | | |
| Internal Revenue Service | Athans Enterprises, Inc. | Grobstein, Horwath & Co. LLP |
| Centralized Insolvency Operations | Jason Wallach, Esq. | 15233 Ventura Blvd., 9th Floor |
| P.O. Box 21126 | 4551 Glenco Ave., Suite 300 | Sherman Oaks, CA 91403-2250 |
| Philadelphia, PA 19114-0325 | Marina del Rey, CA 90292-7925 | |
| | | |
| L.A. County Tax Collector | Los Angeles City Clerk | Los Angeles Division |
| Bankruptcy Unit | P.O. Box 53200 | 255 East Temple Street |
| 2615 South Grand Avenue | Los Angeles, CA 90053-0200 | Los Angeles, CA 90012-3332 |
| Los Angeles, CA 90007-2608 | | |
| | | |
| Attty-Hughes Invest., MH Holdings | Counsel for Creditors Committee | Counsel for Oakridge Landscape, Inc. |
| Robert P. Friedman | Scott Yun, Gregory Jones | Craig G. Margulies/Ian S. Landsberg |
| Law Offices of Robert Friedman | Stutman Treister & Glatt | Landsberg Margulies LLP |
| 827 Moraga Drive | 1901 Avenue of the Stars, 12th Floor | 16030 Ventura Blvd., Suite 470 |
| Bel Air, CA 90049 | Los Angeles, CA 90067 | Encino, CA  91436 |

19

| 1 | Atty-Secured Creditor Marvin Barsky | Counsel for William Dorfman | United States Venture Capital LLC |
| 2 | Peter T. Steinberg, Esq.<br>Steinberg, Nutter & Brent, Law Corp. | Barbara L. Berkowitz, Esq.<br>Berkowitz & Associates | c/o Peter Sahagen/John Fries<br>120 El Camino Dr., Ste. 204 |
| 3 | 23801 Calabasas Road, Suite 2031<br>Calabasas, CA  91302 | 468 North Camden Drive, Suite 200<br>Beverly Hills, CA 90210 | Beverly Hills, CA 90210 |

**III.   SERVED BY PERSONAL DELIVERY, FACSIMILE TRANSMISSION OR EMAIL** (indicate method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on March 17, 2010, I served the following person(s) and/or entity(ies) by personal delivery, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  *Listing the judge here constitutes a declaration that personal delivery on the judge will be completed no later than 24 hours after the document is filed.*

By attorney service
Hon. Barry Russell
United States Bankruptcy Court
255 East Temple Street, Courtroom 1668
Los Angeles, CA 90012

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| March 17, 2010 | John Berwick | /s/ John Berwick |
|---|---|---|
| Date | Type Name | Signature |

| In re: TOWER PARK PROPERTIES, LCC | Debtor. | Chapter 11<br>Case No. 2:08-bk-20298-BR |
|---|---|---|

# NOTICE OF ENTERED ORDER AND SERVICE LIST

Notice is given by the court that a judgment or order entitled ORDER CONFIRMING DEBTOR'S FIFTH AMENDED CHAPTER 11 PLAN OF REORGANIZATION was entered on the date indicated as "Entered" on the first page of this judgment or order and will be served in the manner indicated below:

**I.    SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s), the foregoing document was served on the following person(s) by the court via NEF and hyperlink to the judgment or order. As of March 17, 2010, the following person(s) are currently on the Electronic Mail Notice List for this bankruptcy case or adversary proceeding to receive NEF transmission at the email address(es) indicated below.

- Michael D Breslauer    mbreslauer@swsslaw.com, wyones@swsslaw.com
- Jeffrey Lee Costell    jlcostell@costell-law.com, aicornelius@costell-law.com;rhull@costell-law.com;hnugget@costell-law.com;mdiaz@costell-law.com;mharris@costell-law.com;scronin@costell-law.com
- Christina M Craige    ccraige@sidley.com
- Daniel Denny    ddenny@gibsondunn.com
- Thomas N FitzGibbon    tnf@ptflaw.com
- David B Golubchik    dbg@lnbrb.com
- Jayne T Kaplan    kaplanlawoffices@sbcglobal.net
- Craig G Margulies    cmargulies@margulies-law.com
- Aron M Oliner    roliner@duanemorris.com
- Craig M Rankin    cmr@lnbrb.com
- Daniel H Reiss    dhr@lnbrb.com
- Bruce S Schildkraut    bruce.schildkraut@usdoj.gov
- Steven A Sokol    ssokol@hallingsokol.com
- Peter T Steinberg    mr.aloha@sbcglobal.net
- United States Trustee (LA)    ustpregion16.la.ecf@usdoj.gov
- Jason Wallach    jwallach@gladstonemichel.com
- Scott H Yun    syun@stutman.com

**II.   SERVED BY THE COURT VIA U.S. MAIL:** A copy of this notice and a true copy of this judgment or order was sent by U.S. Mail to the following person(s) and/or entity(ies) at the address(es) indicated below:  None

**III.  TO BE SERVED BY THE LODGING PARTY**: Within 72 hours after receipt of a copy of this judgment or order which bears an "Entered" stamp, the party lodging the judgment or order will serve a complete copy bearing an "Entered" stamp by U.S. Mail, overnight mail, facsimile transmission or email and file a proof of service of the entered order on the following person(s) and/or entity(ies) at the address(es), facsimile transmission number(s) and/or email address(es) indicated below:

| Tower Park Properties | Charles Dickens | Russell Clementson, Esq. |
|---|---|---|
| c/o Robert S. Mann | 2555 Strathmore Drive | Office of the U.S. Trustee |
| 2029 Century Park East, 19th Floor | Cumming, GA 30041 | 725 S. Figueroa St., 26th Floor |
| Los Angeles, CA  90067 | | Los Angeles, CA 90017 |

ACS Security Industries, Inc.
100 Bel Air Road
Los Angeles, CA 90077

Athans Enterprises Inc.
19311 Vanowen Street
Reseda, CA 91335

Beverly Aire, LLC - Peter Sahagen
c/o Jon H. Freis, Esq.
120 El Camino Drive, Suite 204
Beverly Hills, CA 90212

BJ Palmer & Associates Inc.
27122A Paseo Espada, Suite 921
San Juan Capistrano, CA 92675

Camarillo Engineering Inc.
PO Box 758
Somis, CA 93066

Cathcart, Collins LLP
P.O. Box 298
530 S. Lake Avenue
Pasadena, CA 91101-3515

David Ruddich
c/o Alex Cornelius, Esq.
1299 Ocean Ave, Ste 400
Santa Monica, CA 90401

Finton Construction
401 Rolyn Place
Arcadia, CA 91007

Franchise Tax Board
Special Procedures
POB 2952
Sacramento, CA 95812

GeoSoils Consultants Inc.
c/o Rudy Ruberti, Principal Geologist
6634 Valjean Avenue
Van Nuys, CA 91406

Hablinski Manion
11150 West Olympic Blvd., Suite 800
Los Angeles, CA 90064

Hilton & Hyland
250 N. Canon Dr.
Beverly Hills, CA 90210

Hughes Investment Partnership LLC
Attn: Conrad Klein
10100 Santa Monica Blvd., Ste. 300
Los Angeles, CA 90067

Internal Revenue Service
Insolvency I Stop 5022
300 N. Los Angeles St., #4062
Los Angeles, CA 90012-9903

KNA Engineering Inc.
30101 Agoura Court, Suite 120
Agoura Hills, CA 91301

LA DWP
P.O. Box. 3080
Los Angeles, CA 90030

La Jolla Capital Investors LLC
c/o Miguel Smith, Esq.
401  B  Street, Suite 1200
San Diego, CA 92101

Levy and Rowe, LLP
Joel D. Levy
10350 Santa Monica Blvd., Ste 130
Los Angeles, CA 90025

Los Angeles County Tax Collector
P.O. Box 54018
Los Angeles, CA 90054-0018

Major Appraisals
6033 W. Century Blvd., Suite 340
Los Angeles, CA 90045

Mark Hughes Family Trust
10100 Santa Monica Bl, Suite 300
Los Angeles, CA 90067

Marvin Barsky
4471 Azalia Drive
Tarzana, CA 91356

MH Holdings II H, LLC
Attn: Conrad Klein
10100 Santa Monica Blvd., Ste. 300
Los Angeles, CA 90067

Oakridge Landscape Inc.
8618 Haskell Ave
North Hills, CA 91343

Pacific Crest Consultants
c/o Gary L. Morris-Cmte. Chair Pres
23622 Calabasas Rd, Suite 100
Calabasas, CA 91302

Robert E. Truskowski, Inc.
1110 North Coast Highway
Laguna Beach, CA 92651-1372

Sierra Land Technologies
7225 Alabama Ave
Canoga Park, CA 91303

Silver & Freedman, APLC
Attn: Barry Weisz
2029 Century Park East, 19th Floor
Los Angeles, CA 90067-3005

SME Construction, Inc.
195 Dawson Dr.
Camarillo, CA 93012

The Sullivan Partnership
529 Hahn Ave., Suite 201
Glendale, CA 91203

22

| | | |
|---|---|---|
| Tower Park Development Co., LLC | Wayne S. Williams | William Rose & Associates |
| c/o Cathcart, Collins & Kneafsey LLP | c/o Kenneth S. Ingber, Esq. | Attn:  William Rose |
| Joseph Collins, Esq. | 2029 Century Park East, Suite 1400 | 24911 Avenue Stanford, Suite 204 |
| 444 South Flower Street 42nd Floor | Los Angeles, CA 90067 | Valencia, CA 91355 |
| Los Angeles, CA 90071 | | |
| | | |
| William Scotsman | Counsel for GeoSoils Consultants, Inc. | Geocrete Brow Ditch, Inc. |
| 11811 Greenstone Ave | Carl J. Lane | 1295 Distribution Way |
| Santa Fe Springs, CA 90670 | 16255 Ventura Blvd., Ste. 205 | Vista, CA 92081-8817 |
| | Encino, CA  91436 | |
| | | |
| Securities Exchange Commission | Securities Exchange Commission | Employment Dev. Dept. |
| 450 5th Street, NW | 5670 Wilshire Boulevard, 11th Floor | Bankruptcy Group MIC 92E |
| Washington, DC  20549 | Los Angeles, CA 90036 | P. O. Box 826880 |
| | | Sacramento, CA 94280-0001 |
| | | |
| Address per Proof of Claim | Address per Proof of Claim | Address per Proof of Claim |
| Camarillo Engineering Inc. | KGMAC, LLC; Prestige Ocean Prop LLC | Los Angeles County Tax Collector |
| 2009 Klamath Drive | 4343 Dunwoody Club Drive | P.O. Box 54110 |
| Camarillo, CA 93010 | Suite 103 | Los Angeles, CA 90051-0110 |
| | Atlanta, GA 30350 | |
| | | |
| Address per Proof of Claim | Address per Proof of Claim | Address per Proof of Claim |
| Joseph P. Collins, Esq. | Marvin Barsky | Paul Pechak |
| Adorno Yoss Alvarado & Smith | 10100 Santa Monica Boulevard # 300 | 7955 Lurline Avenue |
| 633 West Fifth Street, Suite 1100 | Los Angeles, CA 90067 | Winnetka, CA 91306 |
| Los Angeles, CA 90071 | | |
| | | |
| Address per Proof of Claim | Address per Proof of Claim | Address per Proof of Claim |
| Hablinski + Manion Architecture LLP | Procore Technologies, Inc. | Finton Construction, Inc. |
| c/o Mehrdad Farivar | c/o Kingston, Martinez & Hogan | c/o Eoin Kreditor |
| 1055 West Seventh St., 24th Floor | 1300 Santa Barbara Street | 19800 MacArthur Blvd., Suite 1100 |
| Los Angeles, CA 90017 | Santa Barbara, CA 93101 | Irvine, CA 92612 |
| | | |
| Address per Proof of Claim | Address per Proof of Claim | WRA Engineering, Inc. |
| Cathcart Collins LLP | Kenneth Ingber | c/o G. William Rose |
| Joseph P. Collins | Ingber & Associates | 24933 Avenue Stanford |
| 633 West Fifth Street, Suite 1100 | 2029 Century Park East, Suite 1400 | Valencia, CA 91355-1278 |
| Los Angeles, CA 90071 | Los Angeles, CA 90067 | |
| | | |
| Williams Scotsman Inc. | Donald Segretti, Esq. | Eoin L. Kreditor, Esq. |
| Loss Mitigation Department | 19800 MacArthur Blvd. | Friedman Stroffe & Gerard, PC |
| 8211 Town Center Drive | Suite 1000 | 19800 MacArthur Blvd., Suite 1100 |
| White Marsh, MD 21235-5904 | Irvine, CA 92612-2433 | Irvine, CA 92612 |
| | | |
| Stephen King | Internal Revenue Service | Grobstein, Horwath & Co. LLP |
| KGMAC LLC & Prestige Ocean | Centralized Insolvency Operations | 15233 Ventura Blvd., 9th Floor |
| Props. | P.O. Box 21126 | Sherman Oaks, CA 91403-2250 |
| 4243 Dunwoody Club Dr, Ste 103 | Philadelphia, PA 19114-0325 | |
| Atlanta, GA 30350-5206 | | |
| | | |
| L.A. County Tax Collector | Los Angeles City Clerk | Los Angeles Division |
| Bankruptcy Unit | P.O. Box 53200 | 255 East Temple Street |
| 2615 South Grand Avenue | Los Angeles, CA 90053-0200 | Los Angeles, CA 90012-3332 |
| Los Angeles, CA 90007-2608 | | |

| 1 | Attty-Hughes Invest., MH Holdings | Counsel for William Dorfman | United States Venture Capital LLC |
| 2 | Robert P. Friedman<br>Law Offices of Robert Friedman | Barbara L. Berkowitz, Esq.<br>Berkowitz & Associates | c/o Peter Sahagen/John Fries<br>120 El Camino Dr., Ste. 204 |
| 3 | 827 Moraga Drive<br>Bel Air, CA 90049 | 468 North Camden Drive, Suite 200<br>Beverly Hills, CA 90210 | Beverly Hills, CA 90210 |