| | |
|---|---|
| Attorney or Party Name, Address, Telephone & FAX Nos., State Bar No. & Email Address<br>Victor A. Sahn (CA Bar No. 97299)<br>  vsahn@sulmeyerlaw.com<br>Daniel A. Lev (CA Bar No. 129622)<br>  dlev@sulmeyerlaw.com<br>Sulmeyer Kupetz, APC<br>333 South Hope Street, 35th Floor<br>Los Angeles, CA  90071<br>Ph:  213.626.2311<br>Fax: 213.629.4520<br>☐ *Individual appearing without attorney*<br>☒ *Attorney for:* Ortiz Family Trust | FOR COURT USE ONLY |

**UNITED STATES BANKRUPTCY COURT**
**CENTRAL DISTRICT OF CALIFORNIA – LOS ANGELES DIVISION**

| | |
|---|---|
| In re:<br><br>TOWER PARK PROPERTIES,<br><br><br><br><br><br><br><br>Debtor(s). | CASE NO.: 2:08-bk-20298-BR<br><br>CHAPTER: 11<br><br>**NOTICE OF TRANSFER OF CLAIM**<br>**PURSUANT TO FRBP 3001(e)**<br><br><br>[No Hearing Required] |

TO THE ORIGINAL CREDITOR WITH FILED PROOF OF CLAIM AND ITS ATTORNEY, IF ANY:

PLEASE TAKE NOTICE that all right, title and interest in and to the claim described below has been transferred:

1. Person or entity to whom the claim has been transferred (Substitute Creditor):

   Name:    Ortiz Family Trust                        Telephone number:  (310) 850-6360

   Address:   1141 Summitt Drive
              Beverly Hills, CA  90210

2. Date of transfer of claim: 03/22/2011

3. Type of claim:    ☒ secured        ☐ priority unsecured        ☐ general unsecured

4.  Amount of claim:  $ 1,042,777.73   5. Date of filing of Proof of Claim:  08/06/2008

6.  Claims docket number: 5-1   7. Date of transfer of claim:  03/22/2011

8.  Person or entity who filed the claim (Original Creditor):

    Name: KGMAC, LLC and Prestige Ocean Properties   Telephone number: (678) 222-0290

    Address:  4243 Dunwoody Club Drive
              Suite 103
              Atlanta, Georgia  30350
              Attn: Stephen King

9.  Attorney (if any) for the Original Creditor, as set forth on Proof of Claim:

    Name:    Telephone number: (310) 277-1010

    Address:  Irell & Manella
              1800 Avenue of the Stars, Suite 900
              Los Angeles, CA  90067

10. A true and correct copy of the Proof of Claim originally filed is attached hereto as "Exhibit A." True and correct copies of the documents evidencing the transfer of the claim are attached as "Exhibit B."

Date: March 10, 2017                                 **SULMEYERKUPETZ, APC**

                                                     By: /s/ *Victor A. Sahn*
                                                         Victor A. Sahn
                                                         Attorneys for Ortiz Family Trust

# EXHIBIT A

B10 (Official Form 10 (12/07))

| UNITED STATES BANKRUPTCY COURT    CENTRAL DISTRICT OF CALIFORNIA | PROOF OF CLAIM |
|---|---|

Name of Debtor: Charles Dickens and Tower Park Properties LLC
Case Number: 2:08-20298-BR

NOTE: *This form should not be used to make a claim for an administrative expense arising after the commencement of the case. A request for payment of an administrative expense may be filed pursuant to 11 U.S.C. § 503.*

Name of Creditor (the person or other entity to whom the debtor owes money or property): KGMAC, LLC and Prestige Ocean Properties, LLC

☐ Check this box to indicate that this claim amends a previously filed claim.

Name and address where notices should be sent:
KGMAC, LLC and Prestige Ocean Properties, LLC
4243 Dunwoody Club Drive, Suite 103
Atlanta, GA 30350
Telephone number: 678-222-0290

Court Claim Number: _____ (If known)

Filed on: _____

Name and address where payment should be sent (if different from above):

FILED
AUG - 6 2008

Telephone number:

☐ Check this box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach copy of statement giving particulars.

☐ Check this box if you are the debtor or trustee in this case.

1. **Amount of Claim as of Date Case Filed:** $1,000,000 + 10% annum + costs + interest per

If all or part of your claim is secured, complete item 4 below; however, if all of your claim is unsecured, do not complete item 4.

If all or part of your claim is entitled to priority, complete item 5.

☑ Check this box if claim includes interest or other charges in addition to the principal amount of claim. Attach itemized statement of interest or charges.

2. **Basis for Claim:** Voluntary judgment lien in favor of KGMAC
(See instruction #2 on reverse side.)

3. **Last four digits of any number by which creditor identifies debtor:** n/a

   3a. **Debtor may have scheduled account as:** n/a
   (See instruction #3a on reverse side.)

4. **Secured Claim** (See instruction #4 on reverse side.)
Check the appropriate box if your claim is secured by a lien on property or a right of setoff and provide the requested information.

**Nature of property or right of setoff:** ☑ Real Estate  ☐ Motor Vehicle  ☐ Other
Describe:

**Value of Property:** $1,000,000    **Annual Interest Rate** 10 %

**Amount of arrearage and other charges as of time case filed included in secured claim, if any:** $1,042,777.73 + costs    **Basis for perfection:** Voluntary judgment lien

**Amount of Secured Claim:** $1,042,777.73 + costs    **Amount Unsecured:** $ none

5. **Amount of Claim Entitled to Priority under 11 U.S.C. §507(a). If any portion of your claim falls in one of the following categories, check the box and state the amount.**

Specify the priority of the claim.

☐ Domestic support obligations under 11 U.S.C. §507(a)(1)(A) or (a)(1)(B).

☐ Wages, salaries, or commissions (up to $10,950*) earned within 180 days before filing of the bankruptcy petition or cessation of the debtor's business, whichever is earlier – 11 U.S.C. §507 (a)(4).

☐ Contributions to an employee benefit plan – 11 U.S.C. §507 (a)(5)

☐ Up to $2,425* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use – 11 U.S.C. §507 (a)(7).

☐ Taxes or penalties owed to governmental units – 11 U.S.C. §507 (a)(8).

☐ Other – Specify applicable paragraph of 11 U.S.C. §507 (a)(___).

**Amount entitled to priority:**
$_____

*Amounts are subject to adjustment on 4/1/10 and every 3 years thereafter with respect to cases commenced on or after the date of adjustment.*

6. **Credits:** The amount of all payments on this claim has been credited for the purpose of making this proof of claim.

7. **Documents:** Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements or running accounts, contracts, judgments, mortgages, and security agreements. You may also attach a summary. Attach redacted copies of documents providing evidence of perfection of a security interest. You may also attach a summary. (See definition of "redacted" on reverse side.)

DO NOT SEND ORIGINAL DOCUMENTS. ATTACHED DOCUMENTS MAY BE DESTROYED AFTER SCANNING.

If the documents are not available, please explain:

Date: 28 July 08

**Signature:** The person filing this claim must sign it. Sign and print name and title, if any, of the creditor or other person authorized to file this claim and state address and telephone number if different from the notice address above. Attach copy of power of attorney, if any.

[signature]

FOR COURT USE ONLY

*Penalty for presenting fraudulent claim: Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571.*

2136281908                                02:17:10 p.m.   01-31-2008        2/5

# ORIGINAL

**ORIGINAL FILED**
REC'D                    JAN 31 2008
JAN 0 7 200?             LOS ANGELES
                         SUPERIOR COURT

SUPERIOR COURT OF THE STATE OF CALIFORNIA

FOR THE COUNTY OF LOS ANGELES

| | |
|---|---|
| KGMAC, LLC, a Delaware limited liability company, and PRESTIGE OCEAN PROPERTIES, LLC, a Delaware limited liability company, | Case No. BC339033 |
| | [PROPOSED] JUDGMENT |
| Plaintiffs, | Judge: Hon. Paul Gutman |
| | Dept.: 34 |
| vs. | Complaint Filed: August 29, 2005 |
| | Trial Date: Vacated |
| CHARLES DICKENS, an individual, TOWER PARK PROPERTIES, LLC, a Delaware limited liability company, and DOES 1 through 50, | |
| Defendants. | |

1801711

[PROPOSED] JUDGMENT

02:17:19 p.m.    01-31-2008    3/5

2136281908

1   On September 24, 2008, Plaintiffs KGMAC, LLC and Prestige Ocean Properties, LLC and
2   Defendants Charles Dickens and Tower Park Properties, LLC entered into a Settlement
3   Agreement resolving any and all claims alleged in this action or related to or arising from any
4   dealings between the Parties and providing that if Defendants did not make a certain payment by
5   December 31, 2007, "Defendants agree that Plaintiffs will be entitled to a judgment in favor of
6   Plaintiffs in the amount of $1,000,000 entered by the Court pursuant to the provisions of section
7   664.6 of the Code of Civil Procedure." It appearing that Defendants have not made that certain
8   payment and that by reason of said Settlement Agreement and pursuant to Code of Civil Procedure
9   section 664.6, Plaintiffs KGMAC, LLC and Prestige Ocean Properties, LLC are entitled to
10  judgment against Defendant Charles Dickens and Tower Park Properties, LLC,
11      NOW, THEREFORE, IT IS ORDERED, ADJUDGED AND DECREED that Plaintiffs
12  KGMAC, LLC and Prestige Ocean Properties, LLC have and recover from Defendants Charles
13  Dickens and Tower Park Properties, LLC jointly and severally, the sum of $1,000,000.00, with
14  interest thereon at the rate of ten percent (10%) per annum from the date of the entry of this
15  judgment until paid. *PER C.C.P. § 664.6, JURISDICTION IS RESERVED TO IMPLEMENT AND ENFORCE THIS JUDGMENT.*

17  Dated: JANUARY 31, 2008    [signature]
18                              Hon. Paul Gutman
                                Judge of the Superior Court of the State of
19                              California

1801711

- 1 -
JUDGMENT

EXHIBIT A - 5

**EJ-001**

ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, address, State Bar number, and telephone number):
Recording requested by and return to:
Henry Shields, Jr. (62765)
John C. Keith (229755)
Irell & Manella LLP
1800 Avenue of the Stars, Suite 900
Los Angeles, California 90067
Tel: (310) 277-1010

[x] ATTORNEY FOR    [x] JUDGMENT CREDITOR    [ ] ASSIGNEE OF RECORD

SUPERIOR COURT OF CALIFORNIA, COUNTY OF Los Angeles
STREET ADDRESS: 111 No. Hill Street
MAILING ADDRESS:
CITY AND ZIP CODE: Los Angeles, CA 90012
BRANCH NAME: Stanley Mosk

PLAINTIFF: KGMAC, LLC and Prestige Ocean Properties, LLC
DEFENDANT: Charles Dickens, Tower Park Properties, LLC

Document Recorded 02/07/08
20080232441
LOS ANGELES COUNTY RECORDER

FOR RECORDER'S USE ONLY

CASE NUMBER: BC339033

FOR COURT USE ONLY

**ABSTRACT OF JUDGMENT—CIVIL AND SMALL CLAIMS**    [ ] Amended

1. The [x] judgment creditor [ ] assignee of record applies for an abstract of judgment and represents the following:
   a. Judgment debtor's
      Name and last known address
      ```
      Tower Park Properties, LLC
      10100 Santa Monica Blvd.
      Suite 300
      Los Angeles, CA 90067
      ```
   b. Driver's license No. and state: [x] Unknown
   c. Social security No.: [x] Unknown
   d. Summons or notice of entry of sister-state judgment was personally served or mailed to (name and address): Tower Park Properties, LLC
      1157 S. Beverly Dr.
      Los Angeles, CA 90035

2. [x] Information on additional judgment debtors is shown on page 2.
3. Judgment creditor (name and address):
   KGMAC, LLC: 4243 Dunwoody Club Dr., Suite 103, Atlanta, GA 30350

Date: January 31, 2008
John C. Keith
(TYPE OR PRINT NAME)

4. [x] Information on additional judgment creditors is shown on page 2.
5. [ ] Original abstract recorded in this county:
   a. Date:
   b. Instrument No.:

(SIGNATURE OF APPLICANT OR ATTORNEY)

6. Total amount of judgment as entered or last renewed: $ 1,000,000.00
7. All judgment creditors and debtors are listed on this abstract.
8. a. Judgment entered on (date): 1/31/08
   b. Renewal entered on (date):
9. [ ] This judgment is an installment judgment.

10. [ ] An [ ] execution lien [ ] attachment lien is endorsed on the judgment as follows:
    a. Amount: $ 0.00
    b. In favor of (name and address):

11. A stay of enforcement has
    a. [x] not been ordered by the court.
    b. [ ] been ordered by the court effective until (date):
12. a. [x] I certify that this is a true and correct abstract of the judgment entered in this action.
    b. [ ] A certified copy of the judgment is attached.
    Clerk, by _____, Deputy
    KELLY ENCINAS

[SEAL]
John A. Clarke
This abstract issued on (date): FEB 0 4 2008

Form Adopted for Mandatory Use
Judicial Council of California
EJ-001 [Rev. January 1, 2006]

**ABSTRACT OF JUDGMENT—CIVIL AND SMALL CLAIMS**

Legal Solutions Plus

Page 1 of 2
Code of Civil Procedure, §§ 488.480, 674, 700.190

EXHIBIT A - 6

| PLAINTIFF: KGMAC, LLC and Prestige Ocean Properties, LLC | CASE NUMBER: |
|---|---|
| DEFENDANT: Charles Dickens, Tower Park Properties, LLC | BC339033 |

**NAMES AND ADDRESSES OF ADDITIONAL JUDGMENT CREDITORS:**

13. Judgment creditor *(name and address):*
Prestige Ocean Properties, LLC
4243 Dunwoody Club Dr., Suite 103
Atlanta, GA 30350

14. Judgment creditor *(name and address):*

15. ☐ Continued on Attachment 15.

**INFORMATION ON ADDITIONAL JUDGMENT DEBTORS:**

16. Name and last known address
Charles Dickens
2555 Strathmore Drive
Cumming, GA 30041-7457

Driver's license No. & state: ☒ Unknown
Social security No.: ☒ Unknown
Summons was personally served at or mailed to *(address):*
Charles Dickens
2555 Strathmore Drive
Cumming, GA 30041-7457

17. Name and last known address

Driver's license No. & state: ☐ Unknown
Social security No.: ☐ Unknown
Summons was personally served at or mailed to *(address):*

18. Name and last known address

Driver's license No. & state: ☐ Unknown
Social security No.: ☐ Unknown
Summons was personally served at or mailed to *(address):*

19. Name and last known address

Driver's license No. & state: ☐ Unknown
Social security No.: ☐ Unknown
Summons was personally served at or mailed to *(address):*

20. Name and last known address

Driver's license No. & state: ☐ Unknown
Social security No.: ☐ Unknown
Summons was personally served at or mailed to *(address):*

21. Name and last known address

Driver's license No. & state: ☐ Unknown
Social security No.: ☐ Unknown
Summons was personally served at or mailed to *(address):*

22. ☐ Continued on Attachment 22.

EJ-001 [Rev. January 1, 2006]    **ABSTRACT OF JUDGMENT—CIVIL AND SMALL CLAIMS**    Page 2 of 2

## PROOF OF SERVICE

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action. My business address is 1800 Avenue of the Stars, Suite 900, Los Angeles, California 90067-4276.

On February 7, 2008, I served the foregoing document described as ABSTRACT OF JUDGMENT - CIVIL AND SMALL CLAIMS on each interested party, as stated on each interested party, as follows:

Tower Park Properties
10100 Santa Monica Blvd.
Suite 300
Los Angeles, CA 90067

Charles Dickens
2555 Strathmore Drive
Cumming, GA 30041-7457

[X]  (BY CERTIFIED MAIL) I placed a true copy of the foregoing document in a sealed envelope addressed to each interested party, as stated on the attached service list. I placed each such envelope, with postage thereon fully prepaid, certified, return receipt requested, for collection and mailing at Irell & Manella LLP, Los Angeles, California. I am readily familiar with Irell & Manella LLP's practice for collection and processing of correspondence for mailing with the United States Postal Service. Under that practice, the correspondence would be deposited in the United States Postal Service on that same day in the ordinary course of business.

Executed on February 7, 2008, at Los Angeles, California.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

_____Christine McKay_____         _____/s/ Christine McKay_____
(Type or print name)                                    (Signature)

1819815

EXHIBIT A - 8

## PROOF OF SERVICE

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action. My business address is 1800 Avenue of the Stars, Suite 900, Los Angeles, California 90067-4276.

On February 7, 2008, I served the foregoing document described as ABSTRACT OF JUDGMENT- - CIVIL AND SMALL CLAIMS on each interested party, as follows:

>Joseph P. Collins, Esq.
>Cathcart Collins LLP
>444 S. Flower Street
>Suite 2400
>Los Angeles, CA 90071

Attorney of record for Charles Dickens and Tower Park Properties, LLC

[X]   (BY MAIL) I placed a true copy of the foregoing document in a sealed envelope addressed to each interested party, as set forth above. I placed each such envelope, with postage thereon fully prepaid, for collection and mailing at Irell & Manella LLP, Los Angeles, California. I am readily familiar with Irell & Manella LLP's practice for collection and processing of correspondence for mailing with the United States Postal Service. Under that practice, the correspondence would be deposited in the United States Postal Service on that same day in the ordinary course of business.

Executed on February 7, 2008, at Los Angeles, California.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Christine McKay                          _(Signature)_
(Type or print name)

1819815

EXHIBIT A - 9

# EXHIBIT B

## AGREEMENT FOR SALE OF CLAIMS

KGMAC, LLC and Prestige Ocean Properties, LLC (collectively, the "Sellers") their successors and assigns, with offices at 4243 Dunwoody Club Drive, Suite 103, Atlanta, GA 30350 ("Seller"), upon receipt for good and valuable consideration the sufficiency of which is hereby acknowledged in the amount of $75,000.00 to Sellers or their desgnee, hereby absolutely and unconditionally sell, transfer and assign to Ortiz Family Trust ("Buyer"), its successor and assigns, with a mailing address of 322 Culver Blvd., Suite 310, Playa Del Rey, Ca 90293, all rights, title and interest in and to the claim(s) of Sellers against Tower Park Properties, LLC ("Debtor"), a debtor-in-possession in the chapter 11 reorganization, Case No. 2:08-bk-20298-BR (the "Case"), in the United States Bankruptcy Court for the Central District of California (the "Bankruptcy Court") and as against Charles Dickens ("Dickens"), including, without limitation, claims related to that certain action filed in the Superior Court of the State of California for the County of Los Angeles, Case No. BC339033 ("State Court Case"), including, without limitation, all of Sellers' right to receive principal, interest, fees, expenses, damages, penalties and other amounts in respect of the Debtor, the Case, Dickens or the State Court Case or in connection with any of the foregoing, and all other claims, causes of action and voting and other rights and benefits arising under or relating to any of the foregoing, including, without limitation, all of Sellers' rights to receive cash, securities, instruments and/or other property or distributions issued in connection with any of the foregoing or the Case or the State Court Case, and without limitation, all of the Sellers' right, title and interest in any Proof of Claim (defined herein), all agreements, instruments, invoices, purchase orders, proofs of delivery and other documents evidencing, or relating or referred to in, such claim(s) or the Proof of Claim, (collectively, the "Claim").

Sellers represent and warrants that a proof of claim has been duly and timely filed in the Case in the amount of not less than $1,042,777.75 (the "Proof of Claim Amount"), and a true and complete copy of such Proof of Claim is attached to this agreement (the "Proof of Claim"). The Proof of Claim has not been revoked, withdrawn or otherwise retracted or modified and no right thereunder has been waived, and all statements in such Proof of Claim are true and correct as of the date hereof. Buyer shall be deemed to be the owner of the Claim in the amount set forth in such Proof of Claim, subject to the terms of this agreement, and shall be entitled to identify itself as the owner of the Proof of Claim on the records of the Bankruptcy Court.

Sellers further represent and warrant that the Claim is a valid, liquidated, undisputed and non-contingent claim; that the Claim is a valid, enforceable claim against the Debtor and Dickens; that no consent, approval, filing or corporate, partnership or other action is required as a condition to, or otherwise in connection with, the execution, delivery and performance of this Agreement by Sellers; that this Agreement has been duly authorized, executed and delivered by Sellers and Sellers have the requisite power and authority to execute, deliver and perform this Agreement; that this Agreement constitutes the valid, legal and binding agreement of Sellers, enforceable against Sellers in accordance with its terms; that no payment or other distribution has been received by Sellers, or by any third party on behalf of Sellers in full or partial satisfaction of, or in connection with, the Claim; that no portion of the Claim has been sold, assigned or pledged to any third party in whole or in part; that the Claim is

not subject to any factoring agreement; that Sellers own and have and are hereby selling to Buyer good and sole legal and beneficial title to the Claim free and clear of any and all liens, security interests, encumbrances or claims of any kind or nature whatsoever; that the basis for the Claim is amounts due and owing by the Debtor arising from the sale of goods or merchandise or the rendering of services to the Debtor; that true and complete copies of all agreements, instruments, invoices, purchase orders, proofs of delivery and other documents evidencing or relating to the Claim are annexed hereto as Exhibit "A" or are in the possession of Sellers, will be maintained in good condition by Sellers and will be provided to Buyer within 5 business days of Buyer's request; that Sellers have no liability or obligation related to or in connection with the Claim or the Case; that no objection to the Claim has been filed or threatened; and the Claim is not subject to any defense, claim, right of setoff, reduction, impairment, avoidance, disallowance, subordination or preference action, in whole or in part, whether on contractual, legal or equitable grounds, that have been or may be asserted by or on behalf of the Debtor, Dickens or any other party.

Sellers are aware that the consideration being paid by Buyer hereunder may differ both in kind and amount from the amount ultimately distributed with respect to the Claim pursuant to any plan of reorganization, which is confirmed for the Debtor. Sellers represent that they have adequate information concerning the financial condition of the Debtor, Dickens, the Case and the State Court Case to make an informed decision regarding the sale of the Claim. Sellers represent and acknowledge that, in determining to enter into this agreement and the transaction contemplated herein, they have not relied upon any representation, advice or opinion provided by Buyer or any of Buyer's agents or representatives, but have instead relied upon their own investigation, inquiries, knowledge and information. Sellers are aware that information, which may be pertinent to Sellers' decision to transfer the Claim, is available to Sellers and can be obtained from the Bankruptcy Court's files. Sellers further represent that they are not and have never been an "insider" of the Debtor (as defined in Section 101(31) of the Bankruptcy Code) or a member of any official or unofficial committee in respect of the Debtor or the Case.

Sellers agree that in the event Sellers shall receive any payments, distributions or notices with respect to or relating to the Claim after the date hereof, Sellers shall accept the same as Buyer's agent and to hold the same in trust on behalf of and for the sole benefit of Buyer, and shall promptly deliver the same forthwith to Buyer in the same form received (free of any withholding, setoff, claim or deduction of any kind) within 2 business days in the case of cash and within 5 business days in the case of securities, which are in good deliverable form, with the endorsement of Sellers when necessary or appropriate.

Sellers agree to indemnify Buyer from all losses, damages and liabilities, including attorneys' fees and expenses, which result from Sellers' breach of any representation, warranty or covenant set forth herein. Buyer does not assume and shall not be responsible for any obligations or liabilities of Sellers related to or in connection with the Claim, the Case or the State Court Case. In the event Sellers have sold or assigned the Claim or any portion thereof to any other person or entity, Sellers shall, immediately upon demand by Buyer, pay Buyer liquidated damages in an amount equal to twice the sum of the purchase price paid hereunder and Buyer's costs and expenses (including, without limitation, attorneys' fees and expenses) relating to this Agreement or the Claim, plus interest thereon at 6% per annum from the date of demand to the date of repayment.

Sellers hereby irrevocably appoint Buyer as their true and lawful attorney and authorize Buyer to act in Sellers' names, place and stead, to demand, sue for, compromise and recover all such sums of money which now are, or may hereafter become due and payable for, on account of the Claim herein assigned. Sellers grant unto Buyer full authority to do all things necessary to enforce the Claim and Sellers' rights thereunder or related thereto pursuant to this Agreement. Sellers agree that the powers granted by this paragraph are discretionary in nature and exercisable at the sole option of Buyer. Buyer shall have no obligation to take any action to prove, defend, demand or take any action with respect to the Claim or otherwise in the Case. Sellers agree to execute, acknowledge and deliver all such further certificates, instruments and other documents, and to take all such further action as may be necessary or appropriate to effect assignment of the Claim and all interests therein to Buyer, to cooperate with and assist Buyer in enforcing the Claim and to otherwise effectuate the intent of this Agreement. Sellers agree that Buyer may sell, transfer or assign the Claim together with all right, title and interest of Buyer in and to this Agreement.

In the event that Sellers are found to have a voidable transfer, including, but not limited to, a preference, resolution of such transfer is the responsibility of the Sellers. Buyer shall have no obligation to defend any such action. Further, Sellers may not compromise, set-off, reduce or otherwise effect the Claim in resolution of the voidable transfer without the express consent of Buyer, including the reduction or disallowance of the Claim as part of a claim objection, whether done with the Sellers' agreement or not, based on the fact that the Sellers have not repaid any transfer for which they are liable. In the event that the Claim is reduced, modified, or disallowed for these reasons, Sellers shall, immediately upon demand of Buyer, pay liquidated damages in an amount equal to twice the sum of the purchase price paid hereunder and Buyer's costs and expenses (including, without limitation, attorneys' fees and expenses) relating to this Agreement or the Claim, plus interest thereon at 6% per annum from date of demand until date of repayment.

All representations, warranties, covenants and agreements contained herein shall survive the execution and delivery of this Agreement and the purchase and sale of the Claim and shall inure to the benefit of and be binding upon the parties hereto and their respective successors and assigns. This Agreement shall be governed by and construed in accordance with the laws of the State of California, without giving effect to any choice of law principles. Each party hereto irrevocably and unconditionally consents to the jurisdiction of the courts located in the State of California, including the Bankruptcy Court presiding over the Case, in any action to enforce, interpret or construe any provision of this Agreement, and also hereby irrevocably waive any defense of improper venue or forum non convenient to any such action brought in those courts. Each party hereto consents to service of process by certified mail at its address listed above. Sellers further irrevocably agree that any action to enforce, interpret or construe any provision of this Agreement will be brought only in these courts (including the Bankruptcy Court) and not in any other court.

If any portion of this Agreement shall be declared invalid or unenforceable, the remainder of this Agreement shall be unaffected thereby and shall remain in full force and effect. All references in this document to dollar amounts shall be deemed to be expressed in U.S. Dollars, unless specifically noted otherwise and initialed by Buyer. This Agreement may be signed in one or more counterparts (including by means of telecopied or email signature pages), each of which need not contain the signature of all parties hereto, and all of such counterparts taken together shall constitute a single agreement. This Agreement may be modified or waived only by a separate writing executed by Sellers

and Buyer. No course of dealing between the parties shall be deemed to modify or amend any provision of this Agreement and no delay by Buyer in the exercise (or partial exercise) of any of its rights and remedies shall operate as a waiver thereof. To the extent that this Agreement is considered to be an offer, which fact is not conceded by Buyer, said offer shall be deemed to expire fourteen (14) days from the date of the foregoing cover letter, unless extended by Buyer, in its sole discretion.

The document attached hereto as Exhibit "B", entitled Evidence of Transfer of Claim, and incorporated herein by reference may be filed by Buyer with the Bankruptcy Court as evidence of this transfer. Sellers hereby waive any notice or hearing requirements imposed by Rule 3001 of the Bankruptcy Rules, and stipulate that an order may be entered recognizing this assignment of claim as an unconditional assignment and the Buyer herein as the valid owner of the claim.

IN WITNESS WHEREOF, the undersigned has duly executed this Sale of Claim by its duly authorized representative dated the ___ day of March 2011.

KGMAC, LLC

By: _____
Name: STEPHEN D. KING
Its: PRES

PRESTIGE OCEAN PROPERTIES, LLC

By: _____
Name: STEPHEN D. KING
Its: Pres

ORTIZ FAMILY TRUST

By: _____
Name: WILLIAM L. O'BRYAN
Its: Trustee

*Signature Notarization for Stephen D. King*
[Notary Seal: IBRAHIM KHALEIF, NOTARY PUBLIC, FULTON COUNTY, GEORGIA, Commission Expires December 12, 2014]
3/21/2011

## EVIDENCE OF TRANSFER OF CLAIM

KGMAC, LLC and Prestige Ocean Properties, LLC (collectively, the "Assignor Parties"), for good and valuable consideration the receipt and sufficiency of which are hereby acknowledged, do hereby unconditionally and irrevocably sell, transfer and assign unto Ortiz Family Trust ("Assignee"), with a mailing address of 322 Culver Blvd., Suite 310, Playa Del Rey, Ca 90293, its successors and assigns ("Assignee") all rights, title and interest in and to the claims of Assignor Parties in the aggregate amount of not less than $1,042,777.73 [as stated in the Proof of Claim filed by Assignor Parties] against Tower Park Properties, LLC (the "Claim") in the United States Bankruptcy Court for the Central District of California (Los Angeles Division), Case No. 2:08-bk-20298-BR or any other court with jurisdiction, as well as all claims of Assignor Parties against and against Charles Dickens related to that certain action filed in the Superior Court of the State of California for the County of Los Angeles, Case No. BC339033 ("State Court Case").

Assignor Parties hereby waive any notice or hearing requirements imposed by Rule 3001 of the Bankruptcy Rules, and stipulate that an order may be entered, at the discretion of Assignee, recognizing this Assignment of Claim as an unconditional assignment and the Assignee herein as the valid owner of the Claim. All references in this document to dollar amounts shall be deemed to be express in U.S. Dollars, unless specifically noted otherwise and initialed by Assignee.

IN WITNESS WHEREOF, dated the 21 day of March, 2011.

KGMAC, LLC

By: _____
Name: STEPHEN D. KING
Its: President

PRESTIGE OCEAN PROPERTIES, LLC

By: _____
Name: Stephen D. King
Its: President

*[Notary signature and seal: Ibrahim Khlei, Notary Public, Fulton County, Georgia, Commission Expires December 12, 2014]*

5

EXHIBIT B - 14

## CALIFORNIA ALL-PURPOSE ACKNOWLEDGMENT

State of California

County of LOS ANGELES

On March 24, 2011 before me, Susan M. Dymond, a Notary Public,
   Date                                        Here Insert Name and Title of the Officer

personally appeared William L. O'Bryan
                        Name(s) of Signer(s)

who proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing paragraph is true and correct.

WITNESS my hand and official seal.

Signature _Susan M. Dymond_
                Signature of Notary Public

SUSAN M. DYMOND
NOTARY PUBLIC - CALIFORNIA
COMMISSION # 1857651
LOS ANGELES COUNTY
My Comm. Exp. July 12, 2013

Place Notary Seal Above

—————— OPTIONAL ——————

*Though the information below is not required by law, it may prove valuable to persons relying on the document and could prevent fraudulent removal and reattachment of this form to another document.*

**Description of Attached Document**

Title or Type of Document: Agreement for Sale of Claims

Document Date: 3-22-11                Number of Pages: 5

Signer(s) Other Than Named Above: Stephen D. King,

**Capacity(ies) Claimed by Signer(s)**

Signer's Name: William L. O'Bryan
- ☐ Individual
- ☐ Corporate Officer — Title(s): _____
- ☐ Partner — ☐ Limited ☐ General
- ☐ Attorney in Fact
- ☒ Trustee
- ☐ Guardian or Conservator
- ☐ Other: _____

Signer Is Representing: _____

RIGHT THUMBPRINT OF SIGNER
Top of thumb here

Signer's Name: _____
- ☐ Individual
- ☐ Corporate Officer — Title(s): _____
- ☐ Partner — ☐ Limited ☐ General
- ☐ Attorney in Fact
- ☐ Trustee
- ☐ Guardian or Conservator
- ☐ Other: _____

Signer Is Representing: _____

RIGHT THUMBPRINT OF SIGNER
Top of thumb here

© 2007 National Notary Association • 9350 De Soto Ave., P.O. Box 2402 • Chatsworth, CA 91313-2402 • www.NationalNotary.org    Item #5907    Reorder: Call Toll-Free 1-800-876-6827

EXHIBIT B - 15

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is 333 South Hope Street, Thirty-Fifth Floor, Los Angeles, CA 90071-1406.

A true and correct copy of the foregoing document entitled (*specify*): **NOTICE OF TRANSFER OF CLAIM PURSUANT TO FRBP 3001(e)** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) March 10, 2017 I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

- Michael D Breslauer on behalf of Creditor La Jolla Capital Investors, LLC - mbreslauer@swsslaw.com, wyones@swsslaw.com
- Michael E Bubman on behalf of Defendants Victorino Noval/Advisors Trust/LA Stars, LLC/Capital Partners, LLC/Sherbourne Trust/Tower Financial, LLC - mbubman@mbnlawyers.com, aacosta@mbnlawyers.com
- Jeffrey Lee Costell on behalf of Creditor David Rudich - jlcostell@costell-law.com, aicornelius@costell-law.com;ssaad@costell-law.com; mharris@costell-law.com;smcduffie@costell-law.com;jstambaugh@costell-law.com
- Christina M Craige on behalf of Creditors Hughes Investment Partnership LLC/MH Holdings II H LLC/Mark Hughes Family Trust - ccraige@sidley.com
- Daniel Denny on behalf of Interested Party Courtesy NEF - ddenny@gibsondunn.com
- Thomas N FitzGibbon on behalf of Creditor Dr Jagdish C Amar - tom@pfzlaw.com, lo@pfzlaw.com, atty_fitzgibbon@bluestylus.com
- John-Patrick M Fritz on behalf of Debtor Tower Park Properties, LLC - jpf@lnbyb.com, JPF.LNBYB@ecf.inforuptcy.com
- David B Golubchik on behalf of Debtor Tower Park Properties, LLC - dbg@lnbyb.com, dbg@ecf.inforuptcy.com
- Jayne T Kaplan on behalf of Creditor Bing Lum - kaplanlawoffices@sbcglobal.net
- Zi Chao Lin on behalf of Creditor La Jolla Capital Investors, LLC - zilin78@yahoo.com, dcameron@garrett-tully.com
- Craig G Margulies on behalf of Creditor Oakridge Landscape, Inc. - Craig@MarguliesFaithlaw.com, Victoria@MarguliesFaithlaw.com;Brian@MarguliesFaithlaw.com
- Ron Maroko on behalf of U.S. Trustee (LA) - ron.maroko@usdoj.gov
- Ashley M McDow on behalf of Defendants Advisors Trust/LA Stars, LLC/Capital Partners, LLC/Sherbourne Trust/Tower Financial, LLC/Victorino Noval - amcdow@bakerlaw.com, delaney@bakerlaw.com; sgaeta@bakerlaw.com; rojeda@bakerlaw.com; ffarivar@bakerlaw.com
- Aron M Oliner on behalf of Creditor c/o Aron M. Oliner KGMAC, LLC - roliner@duanemorris.com
- Christina M Padien on behalf of Respondent Akin Gump Strauss Hauer & Feld LLP - cpadien@akingump.com, tsouthwell@akingump.com
- Ernie Zachary Park on behalf of Creditor Wilshire Crescent Properties - ernie.park@bewleylaw.com
- Craig M Rankin on behalf of Debtor Tower Park Properties, LLC - cmr@lnbrb.com
- Justin E Rawlins on behalf of Interested Party Fiduciary Trust International of California, Interim Successor Trustee of the Mark Hughes Family Trust/jrawlins@winston.com, docketla@winston.com
- Daniel H Reiss on behalf of Debtor Tower Park Properties, LLC - dhr@lnbyb.com, dhr@ecf.inforuptcy.com
- Jeremy V Richards on behalf of Debtor Tower Park Properties, LLC - jrichards@pszjlaw.com, bdassa@pszjlaw.com; imorris@pszjlaw.com
- Ronald N Richards on behalf of Interested Party Courtesy NEF - ron@ronaldrichards.com, nick@ronaldrichards.com
- Richard A Shaffer on behalf of Interested Party Courtesy NEF - rick@raslaw.com, rick@ecf.inforuptcy.com
- William R Shafton on behalf of Interested Party Fiduciary Trust International of California, Interim Successor Trustee of the Mark Hughes Family Trust - wshafton@winston.com
- Steven A. Sokol on behalf of Creditor Pacific Crest Consultants, Inc. - sokolesq@gmail.com, sokolesq@earthlink.net
- Adam M Starr on behalf of Interested Party Alexander Hughes - starra@gtlaw.com, laik@gtlaw.com
- Howard Steinberg on behalf of Attorney Eric V Rowen - steinbergh@gtlaw.com, pearsallt@gtlaw.com;laik@gtlaw.com
- Peter T Steinberg on behalf of Creditor Marvin Barsky - mr.aloha@sbcglobal.net
- Scott C Timpe on behalf of Defendant Advisors Trust/LA Stars, LLC/Capital Partners, LLC/Sherbourne Trust/Tower Financial, LLC/Victorino Noval - stimpe@mbnlawyers.com, scott.timpe@gmail.com;aacosta@mbnlawyers.com
- United States Trustee (LA) - ustpregion16.la.ecf@usdoj.gov
- Elizabeth W Walker on behalf of Attorney Sidley Austin LLP - ewalker@sidley.com, vhobdy@sidley.com;twebber@sidley.com;mxanten@sidley.com
- Elizabeth W Walker on behalf of Creditor Hughes Investment Partnership LLC/MH Holdings II H LLC/Mark Hughes Family Trust/Christopher Pair/Conrad Klein/Conrad Lee Klein/John (aka Jack) Reynolds - ewalker@sidley.com, vhobdy@sidley.com; twebber@sidley.com; mxanten@sidley.com
- Dean A Ziehl on behalf of Debtor Tower Park Properties, LLC - dziehl@pszjlaw.com, dziehl@pszjlaw.com

☐ Service information continued on attached page.

---

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012* **F 9013-3.1.PROOF.SERVICE**

**2. SERVED BY UNITED STATES MAIL**:
On (*date*) March 10, 2017, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

KGMAC, LLC
Prestige Ocean Properties, LLC
4243 Dunwoody Club Drive, Suite 103
Atlanta, GA  30350
Attn: Stephen King

Irell & Manella
1800 Avenue of the Stars, Suite 900
Los Angeles, CA  90067

☐ Service information continued on attached page.

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) March 10, 2017, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

The Honorable Barry Russell – VIA PERSONAL DELIVERY
U.S. Bankruptcy Court
Roybal Federal Building
255 E. Temple Street
Los Angeles, CA 90012 - Bin outside of Suite 1660

☐ Service information continued on attached page.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| March 10, 2017 | Andrea Gonzalez | */s/ Andrea Gonzalez* |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012                                                                **F 9013-3.1.PROOF.SERVICE**